583 A.2d 865

**Robert M. RIDDLE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1990.

Decided Dec. 6, 1990.

510

Gregory Whitney, with him, Robert Paul Vincler, Pittsburgh, for appellant.

Harold H. Cramer, Asst. Chief Counsel, with him, David R. White, Asst. Counsel, Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, and John L. Heaton, Chief Counsel, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, PELLEGRINI, KELLEY and BYER, JJ.

McGINLEY, Judge.

Robert M. Riddle (Licensee) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated February 28, 1990, quashing his appeal from the suspension of his driving privileges imposed by the Pennsylvania Department of Transportation (DOT). We affirm.

On November 3, 1989, DOT mailed an official notice to Licensee indicating that, beginning December 8, 1989, his driving privileges would be suspended for one year. The suspension was for violation of Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547 (implied consent). Licensee's defense, as set forth in the petition for supersedeas filed in the trial court, is that he did not refuse to take the blood-alcohol test but refused to pay for it.

On December 7, 1989, Licensee's original attorney filed Licensee's appeal to the trial court from DOT's notice of suspension. There is no dispute that this appeal was filed three days late. Despite the untimeliness of the appeal, the trial court scheduled a de novo hearing for February 21, 1990. Both Licensee and his attorney failed to appear.

DOT appeared at the hearing and moved to quash the appeal on the ground that it was filed more than thirty days after the mailing date of the official notice of suspension and was therefore untimely. By order dated February 28, 1990, the trial court granted DOT's motion to quash. Subsequently, Licensee retained present counsel who, on March 30, 1990, filed with the trial court a notice of appeal to this Court as well as a request for supersedeas pending appeal.[1] At paragraph six of the petition for supersedeas, Licensee has alleged that his failure to timely appeal to the trial court was due to the negligence of his first attorney. By order dated March 30, 1990, the trial court granted supersedeas.

On appeal to this Court, Licensee argues that the trial court erred by refusing to grant a hearing either on the merits or for the purpose of determining whether a nunc pro tunc appeal was justified. DOT contends, to the contrary, that Licensee has alleged no grounds which would justify allowance of a nunc pro tunc appeal. DOT further

---

1. In addition, Licensee contends that, on March 30, 1990, present counsel filed a motion to vacate the order of February 28, 1990, averring that Licensee's failure to file a timely appeal and failure to appear at the hearing were due to the ineffective assistance of his first attorney. We can find no evidence of record to indicate that this motion was actually filed.

asserts that, because the present appeal is frivolous and without merit, DOT is entitled to an award of counsel fees pursuant to Pa.R.A.P. 2744.

Furthermore, DOT asks us to vacate the supersedeas granted by the trial court pending appellate review. By order dated July 10, 1990, a single judge of this Court dismissed DOT's motion to vacate stating that, because Licensee is entitled to an automatic supersedeas, the trial court's grant of supersedeas was superfluous and DOT's motion is likewise superfluous. DOT filed an application for reargument which was granted on September 10, 1990. Thus, DOT's motion is also presently before us.

■ With regard to Licensee's untimely filing of the appeal to the trial court, Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. § 5571(b) and 5572, mandate that an appeal from a license suspension imposed by DOT must be filed with the trial court within thirty days from the date that DOT mailed the official notice of suspension. DOT mailed the official notice on November 3, 1989 and Licensee filed his appeal more than thirty days later on December 7, 1989. Because timeliness is jurisdictional the trial court was without authority to act and properly quashed Licensee's appeal. *See Department of Transportation v. Shain*, 114 Pa.Commonwealth Ct. 360, 538 A.2d 994 (1988).

■ The thirty day period within which a license suspension appeal must be commenced cannot be extended absent a showing of extraordinary circumstances which are equivalent to fraud or a breakdown in the operations of the court through a default of its officers. *Department of Transportation v. Lefever*, 111 Pa.Commonwealth Ct. 105, 533 A.2d 501 (1987). Licensee has failed to show the existence of such circumstances. The averments of ineffective assistance and negligence on the part of Licensee's original attorney are insufficient to establish either fraud or a breakdown in the court's operations.

■ Nonetheless, Licensee urges us to remand this matter to the trial court, pursuant to *Bass v. Commonwealth,*

485 Pa. 256, 401 A.2d 1133 (1979), and extend the opportunity for him to present facts to establish the nature of his attorney's failure to file a timely appeal and inform him of the hearing date.  In *Bass,* the Supreme Court permitted an appeal which had been untimely filed due to the non-negligent conduct of an attorney.  *Id.*  However, Licensee's reliance on *Bass* at the appellate level is in direct conflict with the arguments presented to the trial court after it quashed the appeal.

■  As noted above, in Licensee's petition for supersedeas, he has characterized his attorney's conduct as negligent. In *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989), the Supreme Court stated that admissions in pleadings constitute judicial admissions which cannot later be contradicted by the party who has made them.  Consequently, Licensee's assertion that his attorney was negligent is binding upon Licensee.

■  Moreover, any negligence on the part of his attorney does not entitle Licensee to nunc pro tunc relief.  In *Hentz v. Civil Service Commission,* 85 Pa.Commonwealth Ct. 358, 481 A.2d 998 (1984), this Court held that an attorney's fraudulent conduct was insufficient to justify allowance of an appeal nunc pro tunc.  *Hentz* distinguished the non-negligent conduct in *Bass* from fraudulent and negligent conduct on the basis that, unlike non-negligent conduct, fraudulent and negligent conduct gives rise to a cause of action and can be remedied.  *Hentz.*  We find that the original attorney's alleged negligence provides no justification for allowing this untimely appeal.

■  With regard to DOT's request for counsel fees, Pa.R.A.P. 2744 permits an award of counsel fees when an appeal is frivolous.  A frivolous appeal is one which is without merit.  *Hewitt v. Commonwealth,* 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988).  Due to the confusing state of the record below and the allegations involving Licensee's original counsel, we are not disposed to find that

this appeal is frivolous and without merit. Therefore, we deny DOT's request for counsel fees.

■ Finally, Licensee argues that the provisions of Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, permit an automatic supersedeas pending appeal from the trial court to an appellate court. DOT, however, asserts that Section 1550 permits an automatic supersedeas only during the pendency of the appeal to the trial court from DOT's notice of suspension. Section 1550(b) expressly states that the supersedeas is to remain in effect "until final determination of the matter." The question is whether "final determination" means the final order of the trial court or the final order of the highest appellate court.

Well established principles of statutory construction mandate that we construe the provisions of a statute with reference to the context in which they appear and in a manner that gives effect to the entire statute. *Consulting Engineers Council v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989). Section 1550(a) sets forth the right of appeal to a trial court from a suspension of operating privileges imposed by DOT. Section 1550(c) requires the trial court to schedule the matter for hearing upon thirty days written notice to DOT. Because the provisions of Sections 1550(a) and 1550(c) are confined to license suspension appeals from DOT to the trial court, we interpret Section 1550(b) as being similarly limited in scope.[2]

A trial court's dismissal of a license suspension appeal concludes the de novo review process and constitutes a final determination of the matter, after hearing, by an independent court of record. The primary purpose of an automatic supersedeas pending appeal to the trial court is to afford licensees a hearing and the opportunity for judicial review

---

2. Furthermore, we note that, if the General Assembly had intended Section 1550(b) to apply throughout the entire appellate process, that provision would be suspended pursuant to Pa. Const. art. 5, § 10(c) because it would be inconsistent with Pa.R.A.P. 1732 and 1733 which set forth the procedural requirements for obtaining a stay pending appeal.

on the propriety of DOT's action before their driving privileges are suspended.[3]

Accordingly, we affirm the trial court's order quashing Licensee's appeal and vacate the previous order of this Court permitting the automatic supersedeas to remain in effect throughout the appellate process.

## ORDER

AND NOW, this 6th day of December, 1990, we affirm the order of the Court of Common Pleas of Allegheny County, dated February 28, 1990, quashing Robert M. Riddle's appeal from the suspension of his driving privileges imposed by the Pennsylvania Department of Transportation. We hereby vacate the order of this Court, dated July 10, 1990, dismissing the Pennsylvania Department of Transportation's motion to vacate the supersedeas.

---

**3.** Nothing in this opinion should be construed to preclude licensees who are unsuccessful before the trial court from invoking the relevant Pennsylvania Rules of Appellate Procedure and seeking a stay pending the outcome of an appeal to our Court. The standards for such a stay can be found in *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983).