**SPS TECHNOLOGIES, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MARKO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 2, 2006.

Decided Sept. 7, 2006.

David L. White, King of Prussia, for petitioner.

Alfred J. Carlson, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

SPS Technologies (SPS) has filed a petition for review nunc pro tunc and/or to preserve filing date and accept appeal as properly filed petition for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the petition to review compensation benefits filed by Marla Getz Marko (Claimant). In response, Claimant has filed a motion to quash. We grant Claimant's motion to quash.

In addressing the motion to quash, we observe that the timeline in this case reveals that the Board issued its decision on November 15, 2005. In accordance with the Judicial Code, 42 Pa.C.S. § 5571(b), a petition for review to this court is required to be filed within thirty days after the entry of the order to which the petition relates.

SPS thereafter prepared a petition for review, completed a Form 3817 certificate of mailing directed to this court, prepared a check for $60.00 to cover the filing fee and deposited all with the postal service on December 14, 2005. Such mailing was within 29 days of the Board's decision. The petition for review, however, was mailed to the Board rather than to this court.[1]

The Board notified SPS on Monday, December 19, 2005, that it was in receipt of the petition for review meant for this court. The Board thereafter forwarded the petition for review, certificate of mailing and check to this court on December 19, 2005, which was more than thirty days after entry of the Board's order.

SPS thereafter filed a petition for review nunc pro tunc and/or to preserve filing date. In its petition, SPS alleges that the petition for review was timely mailed on December 14, 2005 and although it was mistakenly mailed to the Board, the petition for review was ultimately forwarded to his court, albeit untimely, on December 19, 2005. Hence, SPS argues that this court should preserve the filing date of December 14, 2005 and treat the petition as a timely filed petition for review. The petition also alleges that SPS met its burden for the grant of an appeal nunc pro tunc. In response, Claimant filed a motion to quash.

Thereafter, this court issued an order on January 17, 2005 directing that SPS's petition and Claimant's motion to quash be considered in conjunction with the merits. The order also directed the parties to address the question of whether the Board is a tribunal within the unified judicial system and the applicability of *Carolina Freight Carriers Corp. v. Workmen's Compensation Appeal Board (Armitage)*, 137 Pa.Cmwlth.85, 585 A.2d 555 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991).

In determining whether SPS's petition for review, which was mistakenly sent to the Board, should be considered as timely filed, we observe that with respect to the transfer of improperly filed appeals, 42 Pa.C.S. § 5103 provides:

> (a) **General rule.**-If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

> . . . .

> (d) **Definition.**—As used in this section "tribunal" means a court or magisterial district judge or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Ar-

---

1. According to SPS, it simultaneously filed a petition for supersedeas with the Board.

bitration Panels for Health Care and any other similar agency.

As to whether the Board is a tribunal as defined in 42 Pa.C.S. § 5103(d), we look to *Carolina Freight Carriers*. In that case, the employer filed an appeal to this court from the WCJ's decision without first appealing to the Board. We stated that "although the Board qualifies as a Commonwealth agency with state-wide jurisdiction, it would not appear to exercise the type of jurisdiction which would lead to its classification as an agency similar to those listed in Section 5103(d)." *Id.*, 585 A.2d at 559. Thus, we concluded that this court did not have authority to transfer the appeal to the Board, inasmuch as the Board is not a tribunal.

Here, SPS argues that *Carolina Freight Carriers* is distinguishable because the appeal in *Carolina Freight Carriers* was deliberately filed to this court in an attempt to bypass the Board whereas in this case, the petition for review was captioned and intended for this court although mistakenly mailed to the Board.

Whether or not the petition for review was unintentionally mailed to the wrong address is immaterial to the question of whether the Board is a tribunal, such that a transfer of an improvidently mailed petition for review is permissible under 42 Pa.C.S. § 5103. *Carolina Freight Carriers* has already addressed the issue and determined that the Board is not a tribunal as such is defined in 42 Pa.C.S. § 5103, as we are thus bound by such determination.

SPS also argues that 42 Pa.C.S. § 708, which addresses improvident administrative appeals, is also relevant to this situation. In accordance with 42 Pa.C.S. § 708, if an appeal from a government unit is improvidently taken to a court, it shall not be dismissed solely because of that error. We observe, however, that 42 Pa.C.S. § 708 is applicable to appeals taken to a court. Here, the petition for review which SPS requests that this court treat as timely was filed with the Board, not this court. Thus, we fail to see the applicability of 42 Pa.C.S. § 708 to these facts.

Finally, we observe that SPS is not entitled to an appeal nunc pro tunc. In *Riddle v. Department of Transportation*, 136 Pa. Cmwlth. 508, 583 A.2d 865 (1990), the licensee, requesting a nunc pro tunc appeal, alleged that his attorney was negligent in filing his appeal from a license suspension three days late. This court concluded that the trial court properly denied the licensee's request for a nunc pro tunc appeal inasmuch as any negligence on the part of the attorney does not entitle a party to an appeal nunc pro tunc.[2] Here, the petition for review to this court was untimely because counsel inadvertently mailed it to the Board rather than to this court. Although counsel was also mailing a supersedeas request to the Board when the petition for review was inadvertently mailed to the Board, such action, like that in *Riddle* amounts to negligence and does not warrant a nunc pro tunc appeal.

In accordance with the above, we grant Claimant's motion to quash the petition of SPS.

### ORDER

Now, September 7, 2006, the motion to quash the petition of SPS Technologies, filed by Marla Getz Marko, is granted.

---

**2.** We note that SPS does not specifically address the requirements for the grant of an appeal nunc pro tunc in its brief. Rather, in a footnote, SPS states its argument as set forth in the petition is incorporated as if fully set forth within the brief.