# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph and Linda Delaney, Foster Family Home, | : | |
| Petitioners | : | |
| | : | No. 2 C.D. 2015 |
| v. | : | Submitted: June 26, 2015 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                    FILED: August 17, 2015

Joseph and Linda Delaney, Foster Family Home (collectively, the Delaneys) petition for review from an order of the Secretary of the Department of Human Services (DHS), which denied their request for reconsideration of an order of DHS' Bureau of Hearings and Appeals (BHA) that dismissed their appeal as untimely. The Delaneys argue BHA erred in dismissing their underlying appeal as untimely where they presented an adequate basis upon which to grant relief nunc pro tunc (late appeal by permission). Because the Delaneys timely filed a petition for review only from the Secretary's order denying their request for reconsideration, the propriety of BHA's order denying the Delaneys' underlying appeal as untimely is not before us. The Delaneys, however, present no argument regarding the Secretary's denial of their request for reconsideration. Thus, we are constrained to affirm the denial of reconsideration.

1

On June 2, 2014, the Erie County Office of Children and Youth (ECOCY) sent the Delaneys a letter notifying them of ECOCY's decision to disapprove the Delaneys' request to be a licensed kinship foster home. That letter notified the Delaneys that they had the right to appeal the decision and an appeal was required to be postmarked no later than 15 calendar days from the date of the notice.

On June 18, 2014, one day after the expiration of the appeal period, the Delaneys mailed their appeal to DHS. DHS received the appeal two days later.

Thereafter, an Administrative Law Judge (ALJ) held a hearing regarding the timeliness of the Delaneys' appeal. At the hearing, the Delaneys' counsel did not dispute that the appeal was untimely filed. Instead, he explained the appeal was filed one day after the expiration of the appeal period because of an "oversight" by his secretary that occurred when he was out of the office for his son's medical evaluation. Certified Record (C.R.), Item #7, ALJ Hr'g, Notes of Testimony (N.T.), 9/18/14, at 13. Counsel for the Delaneys further asserted the one-day delay was not the fault of his clients, and, therefore, they should not be punished. Instead, the Delaneys should be allowed to proceed with their appeal on the merits.

After the hearing, the ALJ issued an adjudication and recommendation in which the ALJ found the Delaneys appeal was untimely when it was not postmarked by June 17, 2014, but rather one day later on June 18, 2014. The ALJ also determined the Delaneys presented no evidence to show their

2

untimely appeal resulted from fraud or its equivalent, a breakdown in the administrative process or non-negligent conduct. The ALJ explained the Delaneys' counsel stated he was not in the office on Friday, June 13, 2014, but he instructed his assistant to mail the Delaneys' appeal on that date. Because of an oversight, however, the appeal was not sent until Wednesday, June 18, 2014. The Delaneys' counsel further stated he did not follow up with his assistant to determine if the appeal was sent until June 18. The ALJ found that the delay in filing the appeal was caused by circumstances within the control of the Delaneys' representatives. Thus, the ALJ determined the Delaneys did not prove a sufficient basis upon which to proceed with a nunc pro tunc appeal.

On October 29, 2014, BHA issued a final administrative action and order (merits order) in which it adopted the ALJ's adjudication and recommendation in its entirety. The merits order informed the Delaneys that they could seek reconsideration of BHA's decision within 15 calendar days from the date of the merits order. Of import here, the merits order informed the Delaneys that the filing of a petition for reconsideration "does not stop the time within which an appeal must be filed to Commonwealth Court." C.R., Item #4, BHA's Final Administrative Action and Order, 10/29/14, at 1. The merits order further stated the Delaneys could appeal to this Court within 30 days from the date of the merits order. Shortly thereafter, the Delaneys sought reconsideration of the merits order, asserting their counsel missed the expiration of the appeal period by one day, which was not their fault. However, the Delaneys did *not* appeal the merits order to this Court.

On December 3, 2014, the Secretary of DHS issued an order denying the Delaneys' request for reconsideration (reconsideration order). The Secretary's order stated the Delaneys could take issue with the reconsideration order by filing an appeal to this Court within 30 days from the date of the reconsideration order. The Delaneys filed a petition for review with this Court on December 24, 2014.

On appeal, the Delaneys present no argument concerning the propriety of the reconsideration order. Instead, they contend DHS erred in not permitting them to proceed with an appeal nunc pro tunc where the filing of their untimely appeal resulted from circumstances beyond their control.

Because the Delaneys did not appeal the merits order to this Court within 30 days, our review is limited to determining whether the Secretary of DHS abused her discretion in denying the Delaneys' petition for reconsideration. Keith v. Dep't of Pub. Welfare, 551 A.2d 333 (Pa. Cmwlth. 1988) (where petitioner did not appeal merits order, but timely appealed order denying reconsideration, court was limited to determining whether department abused its discretion in denying reconsideration); Gerber v. Dep't of Pub. Welfare (Pa. Cmwlth., No. 1712 C.D. 2013, filed June 3, 2014), 2014 WL 2527541 (unreported)[1] (where petitioner did not timely appeal department's final merits order, but did timely appeal order denying reconsideration, court was limited to determining whether department abused its discretion in denying reconsideration); see also Fleeher v. Dep't of Transp., 850 A.2d 34 (Pa. Cmwlth. 2004) (where licensee did not timely appeal

---

[1] Pursuant to Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code §69.414, an unreported panel decision of the Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value.

merits order, but did timely appeal order denying reconsideration, court was precluded from considering merits order; instead, court was limited to determining whether agency abused its discretion in denying reconsideration); Muehleisen v. State Civil Serv. Comm'n, 443 A.2d 867 (Pa. Cmwlth. 1982), aff'd per curiam, 461 A.2d 615 (Pa. 1983) (where petitioner timely appealed only agency's denial of reconsideration, and not underlying dismissal of appeal on the merits, only denial of reconsideration was before court). By failing to file a timely appeal with this Court, an aggrieved party loses the right to have this Court review the merits of a final order should the Secretary of DHS deny the request for reconsideration of the final order more than 30 days after the date of the final order. Keith; Gerber. The decision to grant or deny a request for reconsideration is a matter of administrative discretion, and will be reversed only for an abuse of that discretion. Fleeher; Keith; Modzelewski v. Dep't of Pub. Welfare, 531 A.2d 585 (Pa. Cmwlth. 1987); Gerber.[2]

Before this Court, the Delaneys point to no new evidence. Rather, they assert BHA erred in dismissing their appeal as untimely where the delay in filing the appeal was brief, and it did not result in any prejudice to DHS. They also maintain their counsel had a serious medical issue involving his son's autism diagnosis, and, although counsel left instructions to timely file the appeal, it was

_____

[2] As we noted in Keith v. Department of Public Welfare, 551 A.2d 333 (Pa. Cmwlth. 1988), a party aggrieved by a BHA order has four options: (1) do nothing; (2) appeal that order to this Court within 30 days; (3) seek reconsideration from the Secretary within 15 days; or (4) seek reconsideration from the Secretary within 15 days *and* appeal the final order to this Court within 30 days. Those seeking review of the merits of a BHA adjudication must file a petition for review with this Court. The Delaneys did not do so, rendering an appeal of the merits order untimely.

5

not discovered that the appeal was not filed until counsel returned to the office and corrected it, one day after the lapse of the appeal period. The Delaneys argue they should not be punished because of the "nonnegligent [sic] circumstances of their attorney." Pet'r's Br. at 8.

However, the assertions set forth in the Delaneys' brief to this Court relate to the merits order, which the Delaneys are barred from challenging as a result of their failure to timely appeal that order. Fleeher; Keith; Muehleisen; Gerber. Moreover, the Secretary of DHS denied the Delaneys' request for reconsideration, and the Delaneys advance no contention as to how the Secretary abused her discretion in denying reconsideration. Thus, although we sympathize with the Delaneys' situation, we are constrained to affirm the Secretary's denial of the Delaneys' request for reconsideration.[3]

_____

[3] In any event, even if the Delaneys appealed the merits order to this Court, we would discern no error in the BHA's rejection of the Delaney's request to proceed nunc pro tunc. The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. J.C. v. Dep't of Pub. Welfare, 720 A.2d 193 (Pa. Cmwlth. 1998). Thus, a petitioner bears a heavy burden to justify an untimely appeal. Blast Intermediate Unit #17 v. Unemployment Comp. Bd. of Review, 645 A.2d 447 (Pa. Cmwlth. 1994). An appeal nunc pro tunc may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the petitioner, her attorney or a third party. J.C.

In support of their assertion that the BHA erred in denying their right to proceed nunc pro tunc, the Delaneys cite Bass v. Commonwealth, 401 A.2d 1133 (Pa. 1979). There, the Pennsylvania Supreme Court held that where an appeal is untimely filed as a result of the non-negligent conduct of the appellant's attorney or the attorney's staff, a late appeal may be permitted. There, the appellant's appeal was ready for filing a week before the appeal period expired, but was filed untimely because of an unforeseen illness of the attorney's secretary. In permitting a late appeal, a majority of the Supreme Court determined that neither the attorney nor his secretary acted negligently in failing to timely file the appeal. In such cases, the Supreme Court reasoned, a client should not suffer as a result his attorney's non-negligent failure to file a timely appeal. Id.; see also Perry v. Unemployment Comp. Bd. of Review, 459 A.2d 1342 (Pa. Cmwlth. 1983) (applying Bass, holding claimant permitted to file a late appeal where his attorney's law clerk's car broke down en route to the post office, thereby preventing a timely

**(Footnote continued on next page…)**

ROBERT SIMPSON, Judge

**(continued…)**

filing).  Further, in <u>Bass</u>, the Court noted, "[t]he negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, <u>has not been considered a sufficient excuse for the failure to file a timely appeal</u>."  <u>Id.</u> at 1135 (emphasis added).

The Delaneys' reliance on <u>Bass</u> is misplaced.  Here, the Delaneys did not establish non-negligent circumstances like those in <u>Bass</u> justifying the untimely filing of their appeal.  Unlike <u>Bass</u>, where the secretary ultimately responsible for filing court papers suddenly fell ill and left work before filing the appeal, at the hearing here the Delaneys' counsel conceded that his secretary's failure to timely mail the appeal was simply an "oversight."  Certified Record, Item #7, ALJ Hr'g, Notes of Testimony (N.T.), 9/18/14, at 13.  Further, while counsel for the Delaneys points to the fact that he was dealing with his son's serious medical condition around the time of the appeal deadline, he makes no attempt to explain *how* that circumstance caused the delay in filing the appeal where counsel left the appeal with his secretary with instructions to timely file it.  Also, counsel makes no assertion that his secretary's failure to timely file the appeal resulted from any non-negligent circumstance.

"[T]he simple failure by a party or her attorney to appeal as statute requires does not provide cause for allowing a late appeal."  <u>DiJohn v. Unemployment Comp. Bd. of Review</u>, 687 A.2d 1213, 1215 n.5 (Pa. Cmwlth. 1997); <u>see</u> <u>also</u> <u>J.C.</u>  Indeed, an attorney's negligence in filing an untimely appeal does not provide a sufficient basis upon which to grant <u>nunc</u> <u>pro</u> <u>tunc</u> relief.  <u>See</u> <u>SPS Techs. v. Workers' Comp. Appeal Bd. (Marko)</u>, 907 A.2d 49 (Pa. Cmwlth. 2006); <u>Schofield v. Dep't of Transp., Bureau of Driver Licensing</u>, 828 A.2d 510 (Pa. Cmwlth. 2003); <u>Riddle v. Dep't of Transp.</u>, 583 A.2d 865 (Pa. Cmwlth. 1990).  Thus, even if the Delaneys appealed the merits order to this Court, we would discern no error in BHA's rejection of Delaneys' request to proceed <u>nunc</u> <u>pro</u> <u>tunc</u> in light of the Delaneys' counsel's concession that the untimely filing here resulted from oversight by his secretary.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph and Linda Delaney, Foster : 
Family Home, : 
                  Petitioners : 
:   No. 2 C.D. 2015 
           v. : 
: 
Department of Human Services, : 
                Respondent : 

## **O R D E R**

**AND NOW**, this 17th day of August, 2015, the order of the Department of Human Services is **AFFIRMED**.

 

 

ROBERT SIMPSON, Judge