IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerrold Taylor,                          :
              Petitioner          :
                        :
      v.                          :
                        :
Unemployment Compensation                :
Board of Review,                         :      No. 293 C.D. 2020
              Respondent          :      Submitted: April 9, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: August 4, 2021


        Jerrold Taylor (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) dismissing, as untimely, his request for relief to allow an appeal *nunc pro tunc* from a decision by a Referee. Upon review, we affirm the Board's order dismissing the appeal request.


**I. Background**

        Claimant filed applications for unemployment compensation (UC) benefits based on reductions in his work hours in 2012, 2013, 2015, 2016, 2017, and 2018. Certified Record (C.R.) 3-10, 100. During the same time period, Claimant operated a bar through a corporation he had formed. C.R. 12-16, 100. Claimant did

not report any earnings from the corporation's income on his UC benefits applications because he allegedly did not take any distributions or wages from the business. C.R. 68, 101, 104.

Following an investigation and audit in 2018, the Department of Labor and Industry (Department) sent Claimant six separate Notices of Determination in January 2019, assessing fault overpayments and penalties against Claimant for each of the six years in question. *See* Br. of Pet'r at 8 (referring to separate Notices of Determination); C.R. 67-75 (Notice of Determination regarding 2015 UC benefits). Claimant appealed all six of the Department's determinations. The certified record includes only the Notice of Determination and appeal of the Notice of Determination relating to 2015. *See* C.R. 77-79. The record also contains a separate hearing notice regarding Claimant's appeal of the Notice of Determination relating to 2015. C.R. 86-89.

After a hearing, a Referee issued six separate decisions and orders, upholding the Department's six determinations regarding fault overpayments but eliminating all additional penalties imposed by the Department. C.R. 169-217. The Referee's decision and order in each of the six cases was identical except for the claim years, claim numbers, and dollar amounts at issue. *See id.*

The specific opinion and order at issue here relate to UC benefits paid to Claimant in 2015 (Referee's 2015 Order). For 2015, the Referee determined that Claimant received $12,038 in UC benefits to which he was not entitled because he failed to report $35,512 in corporate income from his side business. C.R. 104. Crediting Claimant's testimony, the Referee found that Claimant did not knowingly make false statements to the Department by failing to list corporate income from his bar business on his UC benefit applications. C.R. 105. However, the Referee

2

concluded the corporation's income was attributable to Claimant as its sole shareholder, regardless of whether he chose to take individual monetary distributions. C.R. 104. The Referee therefore ordered recoupment of $12,038 by the Department pursuant to Section 404(a) of the Unemployment Compensation Law[1] (UC Law), 43 P.S. § 804(a). C.R. 105.

The Referee's decisions and orders were dated February 21, 2019. C.R. 100. The Referee's 2015 Order expressly advised in two different places that Claimant's last day to appeal was March 8, 2019. C.R. 100, 105. Neither Claimant nor his counsel denies awareness of either the appeal deadline or the need to appeal from all six orders.

On March 6, 2019, Claimant's counsel sent a letter to the Board seeking to appeal from the Referee's decisions. C.R. 220. However, the subject line in the letter, while it listed the Department's case numbers for the other five decisions, did not list the case number relating to the Referee's 2015 Order. *Id.* The body of the letter stated that Claimant was appealing from "all" of the decisions "noted above." *Id.*

On appeal, in September 2019, the Board issued five substantially identical decisions upholding the Referee's elimination of penalties but reversing the Referee's findings of fault overpayments. C.R. 225-50. Thus, the Board's decisions were fully in favor of Claimant in all five cases where appeals were filed.[2] *Id.*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[2] In his brief before this Court, Claimant asserts that in the Board hearing on the appeals, the Board accepted exhibits regarding all six UC benefits claim years. Br. of Pet'r at 16. However, Claimant concedes the record contains no transcript of that hearing. *Id.* The exhibits from that hearing are likewise not in the certified record before us. Accordingly, we cannot consider Claimant's assertion. *Capital BlueCross v. Pa. Ins. Dep't*, 937 A.2d 552, 568 (Pa. Cmwlth. 2007)

3

In November 2019, Claimant and his counsel realized the Board's decisions did not include a decision regarding the Referee's 2015 Order. Claimant's counsel then submitted to the Board a request for relief allowing an appeal *nunc pro tunc* from the Referee's 2015 Order. C.R. 110-14. At a subsequent timeliness hearing before a Referee designated on behalf of the Board, Claimant's counsel testified[3] that although the case number of the Referee's 2015 Order was inadvertently omitted from his appeal letter's subject line, the body of the letter indicated the appeal was from "all" decisions, and he intended to appeal from all six decisions. C.R. 159, 163-64.

The Board issued a decision dismissing Claimant's request to appeal *nunc pro tunc* from the Referee's 2015 Order as untimely pursuant to Section 502 of the UC Law, 43 P.S. § 822, and its associated regulation, 34 Pa. Code § 101.82, which require that any appeal to the Board from a referee's decision must be filed within 15 days after that decision. C.R. 264-66. Claimant then sought review in this Court.

## II. Questions on Appeal[4]

Claimant has raised different questions concerning *nunc pro tunc* relief at each stage of his appeal. In his appeal to the Board, Claimant asserted only that

---

(citing *Pellizzeri v. Bureau of Pro. & Occupational Affs.*, 856 A.2d 297 (Pa. Cmwlth. 2004) (appellate court will not consider arguments based on facts outside the certified record)).

[3] Another attorney represented Claimant at the timeliness hearing so that his original counsel could testify as a fact witness. C.R. 154.

[4] Our review of the Board's decision "'is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence.'" *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 (Pa. Cmwlth. 2008) (quoting *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884 (Pa. Cmwlth. 1988)).

counsel's omission of the Referee's 2015 Order from his appeal was inadvertent and that equity should prevent loss to Claimant resulting from counsel's error. C.R. 113-14. In his petition for review to this Court, Claimant took a different approach, contending that the identical reasoning of the other five decisions collaterally estopped the Board from denying the same relief in the sixth, despite Claimant's failure to appeal from the Referee's 2015 Order. Pet. for Rev. at 2.

In his brief before this Court, Claimant poses three questions, all of which are new. First, he asserts that he actually did appeal all six decisions, despite omitting the Referee's 2015 Order from the list in his appeal letter to the Board. Second, he suggests that because all six of the Referee's decisions were the same except for the dollar amounts, excluding the Referee's 2015 Order from the reach of Claimant's appeal elevates form over substance, and that the other five decisions constitute the law of the case that must be applied to the Referee's 2015 Order as well. Third, he contends that issuing a separate Notice of Determination for each claim year constituted an administrative breakdown that caused confusion and thereby resulted in counsel's omission of the case number of the Referee's 2015 Order from the heading of the appeal letter to the Board.

### III. Discussion

It is well settled that this Court may not review any question not raised before the Board. *See* Pa. R.A.P. 1551(a); *Thiessen v. Unemployment Comp. Bd. of Rev.*, 178 A.3d 255, 260 n.4 (Pa. Cmwlth. 2018) (citing *Wing v. Unemployment Comp. Bd. of Rev.*, 436 A.2d 179 (Pa. 1981)). Here, Claimant's sole question raised before the Board was whether equity should prevent him from suffering because of counsel's inadvertent error. *See* C.R. 166-67. Claimant does not re-raise that

5

question in this Court. Instead, Claimant poses new and different questions, none of which was presented to the Board. As a result, all of Claimant's questions presented are waived: his sole question before the Board is waived because he has not asserted it here, and the questions he raises in this Court were not preserved for review because he did not assert any of them before the Board. Further, regarding Claimant's collateral estoppel argument, he raised that question – and only that question – in his petition for review, but he has not briefed it. Accordingly, even had he properly raised it before the Board, it would be waived. *See* Pa. R.A.P. 2119(a); *Barros v. Martin*, 92 A.3d 1243, 1249 n.9 (Pa. Cmwlth. 2014) (citing *Van Duser v. Unemployment Comp. Bd. of Rev.*, 642 A.2d 544, 548 n.3 (Pa. Cmwlth. 1994)) (questions not briefed on appeal are waived).

Moreover, even if Claimant had preserved the questions he raises before this Court, we would reject all of them. We address each of them here, briefly, for completeness.

Claimant's implicit suggestion that the Board was free to ignore his failure to appeal the Referee's 2015 Order is foreclosed by well-settled principles. A timely appeal to the Board from a Referee's decision is a jurisdictional prerequisite to the Board's ability to review the matter. *Gannett Satellite Info. Network, Inc. v. Unemployment Comp. Bd. of Rev.*, 661 A.2d 502, 504 (Pa. Cmwlth. 1995). The Board is not free to extend an appeal deadline as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). Specifically, the law is well settled that negligence of counsel or counsel's staff does not entitle a claimant to *nunc pro tunc* relief to assert an untimely appeal. *See, e.g.*, *SPS Techs. v. Workers' Comp. Appeal Bd. (Marko)*, 907 A.2d 49, 51 (Pa. Cmwlth. 2006); *Schofield v. Dep't of Transp., Bureau of Driver Licensing*, 828 A.2d 510, 512

6

(Pa. Cmwlth. 2003); *Falcon Oil Co. v. Dep't of Env't Res.*, 609 A.2d 876, 880 (Pa. Cmwlth. 1992); *Riddle v. Dep't of Transp.*, 583 A.2d 865, 867 (Pa. Cmwlth. 1990). For these reasons, we reject Claimant's request for equitable relief.

We likewise reject Claimant's novel collateral estoppel assertion. The doctrine of collateral estoppel precludes relitigation of an issue where (1) the identical issue was decided in a previous matter; (2) there was a final judgment on the merits in the previous matter; (3) the party to be estopped was a party to the previous matter, or in privity with a party to the previous matter; and (4) the party to be estopped had a full and fair opportunity to litigate the question in the previous matter. *Belote v. State Harness Racing Comm'n*, 688 A.2d 264, 267 (Pa. Cmwlth. 1997). Here, Claimant fails to satisfy the first element. The question in the current petition for review is whether Claimant should be allowed to assert an untimely appeal *nunc pro tunc*, while the other five appeals to the Board involved the completely unrelated question of whether Claimant must repay UC benefits received due to fault overpayments. Thus, neither party is seeking *in this appeal* to relitigate a question previously decided. Claimant cites no authority, and we are aware of none, for the proposition that he is entitled to relief in a case he did not appeal, on the basis that relief was provided in similar cases where he did appeal. That is simply not the law. Collateral estoppel has no application in this case.

Regarding the three questions addressed in Claimant's brief before this Court, we note that although Claimant's petition for review to this Court did not include any of those questions, that alone would not necessarily constitute waiver of the questions in his brief, if the record would be sufficient to allow the Court to address those questions. *See* Pa. R.A.P. 1513(d)(5). However, Claimant failed to

7

preserve those questions before the Board, as discussed above. In addition, they lack merit.

First, we discern no merit in Claimant's suggestion that he actually appealed from all six of the Referee's orders. Although Claimant's counsel testified that the body of his appeal letter to the Board expressed an intent to appeal "all" decisions, C.R. 159 & 163, a review of the letter belies that testimony. After listing only five of the six case numbers in the heading, the letter went on to state: "Please note that all Decisions made by the Referee *to the cases noted above* were identical with the exception of the monetary calculations. Therefore, this Appeal is to all of the Decisions." C.R. 220 (emphasis added). The descriptor "all of the Decisions" clearly referred back to "all Decisions made by the Referee to the cases noted above." *Id.* Counsel's capitalization of "Decisions" in both sentences further clarified that both references related to the same "Decisions." *See id.* Thus, the body of the letter merely confirmed an intent to appeal the five decisions listed in the heading.

We likewise reject Claimant's analogously reasoned suggestion that decisions in the five appealed matters established the law of the case, which then had to be applied to the Referee's 2015 Order even though it was not appealed. The "law of the case" doctrine provides "'that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.'" *Naylor v. Bd. of Supervisors*, 247 A.3d 1182, ____ (Pa. Cmwlth. 2021), slip op. at 25, 2021 Pa. Commw. LEXIS 307, *32 (quoting *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995)). "'However, this doctrine applies only when a court is later asked to consider the *same question* decided by another court of equivalent or higher jurisdiction.'"

*Naylor*, 247 A.3d at \_\_\_\_, slip op. at 25, 2021 Pa. Commw. LEXIS 307, *32 (quoting *Commonwealth v. Wright*, 14 A.3d 798, 817 (Pa. 2011) (emphasis added)). As explained above, the question of whether Claimant should be allowed an untimely appeal *nunc pro tunc* is not the same question that was at issue in the other five matters. Therefore, the law of the case doctrine is not implicated here.

Finally, Claimant's assertion of administrative breakdown justifying a late appeal has no merit. An administrative breakdown occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Thus, where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Here, Claimant suggests, for the first time, that the Department's issuance of six separate Notices of Determination, rather than a single Notice of Determination for all six claim years at issue, created confusion that caused the inadvertent omission of one claim number in the notice of appeal to the Board. We reject that assertion. Claimant does not contend that he or counsel was ever unaware that there were six separate determinations at issue. There was clearly no confusion when Claimant initially appealed from each of the six Notices of Determination. Moreover, counsel testified that the omission of the claim number of the Referee's 2015 Order from the subsequent appeal letter to the Board was simply a mistake that was his fault, that he "assumed that all of the appeals were correctly typed in," and that he "should have checked closely" to make sure all six numbers appeared. C.R. 166. Nothing in the record offers the slightest indication that counsel's error resulted from confusion as he now claims. Accordingly, we reject Claimant's final assertion, because the Department did nothing to create confusion or mislead Claimant or his

9

counsel, and neither Claimant nor his counsel ever averred that any confusion actually occurred.

## IV. Conclusion

Based on the foregoing discussion, the Board's dismissal of Claimant's request for relief allowing an appeal *nunc pro tunc* is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerrold Taylor,                          :
                    Petitioner           :
                                         :
          v.                             :
                                         :
Unemployment Compensation                :
Board of Review,                         :     No. 293 C.D. 2020
                    Respondent           :

O R D E R

AND NOW, this 4th day of August, 2021, the order of the Unemployment Compensation Board of Review dismissing the application of Jerrold Taylor for a *nunc pro tunc* appeal is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge