IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S. G.,                                    :    SEALED CASE
                        Petitioner        :
                                          :
            v.                            :
                                          :
Department of Human Services,             :    No. 1365 C.D. 2023
                        Respondent        :    Submitted: June 3, 2025


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  August 8, 2025


            S.G. (Petitioner) petitions this Court for review of the Department of

Human Services (DHS), Bureau of Hearings and Appeals' (BHA) October 25, 2023

order adopting the Administrative Law Judge's (ALJ) Adjudication and

Recommendation that denied Petitioner's request to expunge her indicated report[1]

of child abuse from the ChildLine & Abuse Registry (ChildLine)[2] because her appeal

---

[1] Section 6303(a) of the Child Protective Services Law (CPSL) defines an *indicated report* as a report issued by DHS if an investigation "determines that substantial evidence of the alleged abuse by a perpetrator exists based on . . . [t]he child protective service investigation."  23 Pa.C.S. § 6303(a); *see also* Section 3490.4 of DHS's Regulations, 55 Pa. Code § 3490.4.

[2] Section 3490.4 of DHS's Regulations defines *ChildLine* as

> [a]n organizational unit of [DHS] which operates a [s]tatewide toll-free system for receiving reports of suspected child abuse established under [S]ection 6332 of the CPSL[, 23 Pa.C.S. § 6332] (relating to establishment of [s]tatewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file.

55 Pa. Code § 3490.4.  "ChildLine [] is maintained in accordance with the [CPSL.]"  *In re S.H.*, 96 A.3d 448, 450 n.2 (Pa. Cmwlth. 2014).

was untimely and Petitioner did not meet the standard for *nunc pro tunc* relief. After review, this Court affirms.

On December 16, 2022, DHS mailed Petitioner a notice for report numbered 9586676 (Report No. 9586676) naming her as an indicated perpetrator of child abuse against minor, T.K. (December 16 Notice).[3] The December 16 Notice instructed:

> **If you disagree with the determination that you have committed child abuse and you want your name removed from the [s]tatewide database, you have two options:**
>
> > **(1) You may appeal to [DHS] and your appeal must be postmarked within 90 days of the mailing date listed at the top of this notice.**
> >
> > To appeal you can use the enclosed form and check off the first box on the form. You may also write a letter requesting the appeal.
> >
> > **OR**
> >
> > **(2) You have a right to a hearing now. You can skip the appeal described above and ask [the BHA] for that hearing. This request must be postmarked within 90 days of the mailing date listed at the top of this notice.**
> >
> > To ask for a hearing, you can use the enclosed form and check off the second box on the form. You may also write a letter requesting a hearing.
>
> At the hearing, the children and youth agency or [DHS] will be responsible for proving that there is substantial evidence to indicate the report.

Reproduced Record (R.R.) at 13a (all emphasis in original). Petitioner's 90-day appeal period expired on Thursday, March 16, 2023.

---

[3] The Lackawanna County Office of Youth and Family Services filed the report.

2

In December 2022, Petitioner provided her attorney, Jason A. Schrive, Esquire (Counsel), with a copy of the December 16 Notice. On December 29, 2022, DHS mailed Petitioner a second report (Report No. 9584610) naming her as an indicated perpetrator of child abuse against a different child, M.K (December 29 Notice).

On March 24, 2023, 98 days after DHS issued the December 16 Notice, Counsel faxed Petitioner's appeal from Report No. 9586676 to DHS. Therein, Counsel stated:

> Please be advised that [Petitioner], is hereby respectfully requesting that [*In re: T.K., Report No. 9586676*], although technically not filed timely. [sic] A request for an appeal was sent at the same time as [] [Petitioner]'s appeal of *In re: M.K., Report No. 9584610*, . . . as it was believed that they would be considered as one (1) request. [] [Petitioner] relied upon the advice of [C]ounsel that filing the two (2) appeals together on March 24, 2023, would be considered a timely appeal of both matters. Therefore, any error is that of [C]ounsel's and should not be imposed upon [] [Petitioner]. In the interests of justice, [] [Petitioner] respectfully requests the [BHA] to allow this appeal to proceed.

R.R. at 15a.

On July 5, 2023, the ALJ conducted a telephone hearing with respect to Petitioner's appeal. By August 16, 2023 Adjudication and Recommendation, the ALJ recommended that the BHA dismiss the appeal as untimely filed, explaining:

> Counsel did not argue that [Petitioner's] untimely appeal resulted from extraordinary circumstances involving fraud or some breakdown in the administrative process or non[-]negligent circumstances related to [Petitioner], h[er] [C]ounsel or a third party. Counsel stated that [Petitioner] received two notices from ChildLine, first, the [December 16 Notice], and second, . . . [the December 29 Notice]. Counsel confirmed receipt of both notices and confirmed he calculated the **90**-day appeal period for both [R]eports based on the December 29 [] [N]otice. Counsel stated he

3

believed the [R]eports were consolidated and an appeal filed within **90** days from [the] December 29 [Notice] would serve as timely appeals for both [R]eports. Here, the undersigned finds [the December 16 and December 29 N]otices were not consolidated and Counsel miscalculated [Petitioner's] appeal period from [the] December 16 [N]otice for [Report No.] 9586676. Therefore, the undersigned finds that [Petitioner] simply failed to appeal as required by the statute and grounds do not exist to proceed to a hearing ***nunc pro tunc***. Since [Petitioner] failed to establish the threshold necessary to proceed to a hearing ***nunc pro tunc***, the rem[a]ining prongs of the ***nunc pro tunc*** analysis are not addressed in this adjudication.

R.R. at 39a-40a (emphasis in original). On October 25, 2023, the BHA adopted the ALJ's Adjudication and Recommendation in its entirety. Petitioner appealed to this Court.[4]

The issues before this Court are whether the BHA erred by concluding that Petitioner's appeal is untimely and whether she met the standard to file her appeal *nunc pro tunc*. Initially, Section 6341 of the Child Protective Services Law (CPSL) provides, in relevant part:

> **(a) General rule.**--Notwithstanding [S]ection 6338.1 [of the CPSL, 23 Pa.C.S. § 6338.1] (relating to expunction of information of perpetrator who was under 18 years of age when child abuse was committed):
>
> > (1) At any time, the [S]ecretary [of Human Services (Secretary)] may amend or expunge any record in [ChildLine] upon good cause shown and notice to the appropriate subjects of the report. The request shall be in writing in a manner prescribed by [DHS]. . . .
> >
> > (2) Any person named as a perpetrator . . . in an indicated report of child abuse may, **within 90**

---

[4] "[This Court's] review of an adjudication in an expunction proceeding determines whether constitutional rights were violated, whether errors of law were committed, and whether the necessary findings of fact are supported by substantial evidence." *P.L. v. Dep't of Hum. Servs.*, 236 A.3d 1208, 1211 n.3 (Pa. Cmwlth. 2020).

4

**days of being notified of the status of the report**, **request an administrative review by**, **or appeal and request a hearing** before, the [S]ecretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. The request shall be in writing in a manner prescribed by [DHS].

. . . .

**(c) Review of refusal of request.--** . . . [I]f the [S]ecretary refuses a request under subsection (a)(1) or a request for administrative review under subsection (a)(2), . . . the perpetrator . . . shall have the right to appeal and request a hearing before the [S]ecretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. **The request for hearing must be made within 90 days of notice of the decision**. The appropriate county agency and appropriate law enforcement officials shall be given notice of the hearing. The burden of proof in the hearing shall be on the appropriate county agency. [DHS] shall assist the county agency as necessary.

23 Pa.C.S. § 6341 (text emphasis added).

Counsel contends that the BHA erred by adopting the ALJ's conclusion that Petitioner failed to perfect a timely appeal and failed to present sufficient grounds to proceed with an untimely *nunc pro tunc* child abuse expunction appeal, because Petitioner's late filing was a *de minimis* error and denying Petitioner's appeal would result in a gross miscarriage of justice.[5]

Counsel acknowledges in Petitioner's brief:

---

[5] Petitioner's brief does not contain a Statement of the Questions Involved, as required by Pennsylvania Rule of Appellate Procedure 2116. "Although this Court may refuse to consider arguments a petitioner addresses in [her] brief if [her] brief fails to include a statement of questions involved, [this Court] ha[s] exercised [its] discretion in the past to address issues subsumed elsewhere in briefs when the petitioner has clearly identified the issue." *Eckhart v. Dep't of Agric.*, 8 A.3d 401, 406 n.10 (Pa. Cmwlth. 2010). Because it is clear that the only issue Petitioner raises is whether the BHA erred by dismissing the appeal as untimely and failing to grant *nunc pro tunc* relief, our review is not impaired. Therefore, this Court will address the issue.

> Petitioner's Counsel takes full responsibility for the late filing of the [a]ppeal, as it was his responsibility to confirm the deadline, and not at all the fault of Petitioner. As it was an error of Petitioner's Counsel and not that of Petitioner herself, it is respectfully requested that this Honorable Court allow Petitioner's appeal to proceed on its substantive merits, in the interest of justice. Said error would clearly meet the definition of ineffective assistance of counsel[.]

Petitioner Br. at 3.[6] Thus, Counsel admits that he filed Petitioner's appeal late due to negligence on his part.

> This Court has explained:

> It is well established that the failure to timely appeal an administrative agency's action is **a jurisdictional defect**. **The time for taking an appeal therefore cannot be extended as a matter of grace or mere indulgence**. An appeal *nunc pro tunc* may be allowed, only where delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, [her] counsel or a third party. One seeking permission to file an appeal *nunc pro tunc* has the burden of establishing that[:] (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) appellee is not prejudiced by the delay.

> . . . .

> . . . . [A]ny **delay caused by mere negligence or neglect of an attorney in failing to appeal within the required time period does not provide a basis for granting an appeal *nunc pro tunc*.** *See* [] *In re Interest of C.K.*, . . . 535 A.2d 634 ([Pa. Super.] 1987), in which th[is] Court rejected the argument that an appeal *nunc pro tunc* from the order terminating parental rights should be permitted on equitable grounds, where the delay was caused by the attorney's failure to make substitute counsel available for

---

[6] Because the pages in Petitioner's brief are not numbered, this Court references electronic pagination herein.

> filing an appeal during his absence due to his mother's illness. *Cf. Commonwealth v. Stock*, . . . 679 A.2d 760 ([Pa.] 1996) ([a]n appeal *nunc pro tunc* may be granted in *criminal* cases on the basis of the counsel's conduct which has affected the defendant's right to appeal).

*J.C. v. Dep't of Pub. Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998) (italics and bold emphasis added; citations omitted); *see also Dep't of Lab. & Indus., Uninsured Emps. Guar. Fund v. Workers' Comp. Appeal Bd. (Gerretz, Reliable Wagon & Auto Body, Inc.)*, 142 A.3d 148, 155 (Pa. Cmwlth. 2016) ("[s]imple negligence on the part of an attorney does not constitute a breakdown in the administrative or judicial process"); *SPS Techs. v. Workers' Comp. Appeal Bd. (Marko)*, 907 A.2d 49, 51 (Pa. Cmwlth. 2006) (italics added) ("any negligence on the part of the attorney does not entitle a party to an appeal *nunc pro tunc*"); *Schofield v. Dep't of Transp., Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003) ("The principle that an attorney's negligence in filing an untimely appeal . . . does not warrant the allowance of an appeal *nunc pro tunc* was recently reaffirmed by our Supreme Court . . . .").

Here, because Counsel negligently filed Petitioner's appeal late, the BHA could not accept it *nunc pro tunc*. Under such circumstances, the ALJ properly recommended that Petitioner's appeal be dismissed as untimely, and the BHA did not err by adopting the ALJ's Adjudication and Recommendation.

For all of the above reasons, the BHA's order is affirmed.

_____
ANNE E. COVEY, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S. G.,                           :    SEALED CASE
          Petitioner           :
                                :
          v.                      :
                                :
Department of Human Services,    :    No. 1365 C.D. 2023
          Respondent        :

## O R D E R

AND NOW, this 8th day of August, 2025, the Department of Human Services, Bureau of Hearings and Appeals' October 25, 2023 order is affirmed.

 

_____
ANNE E. COVEY, Judge