Robert Reichard, V. M. D., Petitioner *v.* Commonwealth of Pennsylvania, State Harness Racing Commission, Respondent.

Argued September 10, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Richard J. Makoul,* for petitioner.

*Gerald T. Osburn,* with him, *John B. Hannum, Jr.,* for respondent.

OPINION BY JUDGE PALLADINO, October 29, 1985:

This is an appeal by veterinarian and horse owner, Robert F. Reichard (Petitioner) from an order of the Pennsylvania State Harness Racing Commission (Commission) which sustained an order of the Presiding Judge at Liberty Bell Park imposing a fine of Two Hundred Fifty Dollars ($250.00) against Petitioner. We affirm.

Petitioner is licensed by the Commission as an owner of harness racing horses. Petitioner owns the horse, Annihilate, which finished first in the second race at Liberty Bell Park on March 26, 1983. Pursuant to usual procedures, Annihilate was subjected to post-race testing which showed that the horse had participated in the race with the drug Procaine in its system. When the Presiding Judge at Liberty Bell Park was notified of the test results he requested that the horse's trainer report to his office. The trainer did report and was accompanied by Petitioner. Petitioner told the Presiding Judge that five days prior to the race he had treated Annihilate for a cough with the drug Combiotic, which contains Procaine, in his capacity as a practicing veterinarian. On March 30, 1983, the Presiding Judge issued a Notice of Suspension or Fine, which Notice fined Petitioner the sum of two hundred fifty dollars ($250.00) pursuant to

Commission Rule 21, §2(b),[1] disqualified Annihilate from its first place finish and redistributed the purse.

Petitioner appealed the fine to the Commission which, after a hearing, sustained the decision of the Liberty Bell Park Judge. Petitioner now appeals to this Court asserting: 1) that one of the Commission's findings of fact is not supported by substantial evidence; 2) that the Commission erred as a matter of law because it found Petitioner liable as Annihilate's trainer rather than as the horse's veterinarian; and 3) that Petitioner did not receive adequate notice of the charges against him.

Initially, we note that we must affirm an adjudication of the Commission unless constitutional rights were violated, the adjudication was not in accordance with the law, procedural rules were violated or a necessary finding of fact was not supported by substantial evidence. *Helad Farms v. Commonwealth of Pennsylvania, State Harness Racing Commission,* 79 Pa. Commonwealth Ct. 314, 470 A.2d 181 (1984). First, Petitioner argues that the Commission's finding

---

[1] 58 Pa. Code §183.352(b). Section 183.352(b) provides: Whenever there is a positive result of a post-race test the purse shall be redistributed. If said positive test result is the only such test result within twelve months prior to the present violation, the Judges presiding at the racing program may impose a fine in the amount of not less than $100 nor more than $250 on the licensee or person or persons having control or care or custody of such horse which has the positive test or the person may be suspended and the matter referred to the Commission for hearing. If the present positive test is the second violation or more within twelve months prior to the present violation, the licensee or person or persons, charged with the violation shall be suspended and the matter referred to the Commission for hearing. The horses being trained by any person suspended under this rule may be assigned another trainer approved by the Presiding Judge having jurisdiction over the racing program or by the Commission.

of fact No. 2, which stated that Petitioner was the owner and trainer of Annihilate, is not supported by substantial evidence. With this argument we must agree. The record clearly reveals, as the Commission in its brief before this Court concedes, that Petitioner was the owner of the horse but another individual was the trainer. For the reasons stated below, however, this error does not require that we reverse the Commission's order.

Petitioner's second argument, that the Commission erred as a matter of law because it held him to a trainer's standard of liability under Rule 21, §2,[2] rather than a veterinarian's standard of liability under Rule 21, §6,[3] must be rejected. Section 301 of the Race Horse Industry Reform Act, Act of December 17, 1981, P.L. 435, 4 P.S. §325.301, requires the Commission to promulgate rules and regulations to control the use and administration of any medication that affects the performance of a race horse. In com-

---

[2] 58 Pa. Code §183.357.  Section 183.357 provides:

A trainer shall be responsible at all times for the condition of all horses trained by him. No trainer shall start a horse or permit a horse in his custody to be started if he knows or if by the exercise of reasonable care he might have known or have cause to believe, that the horse has received any drug, stimulant, sedative, depressant, medicine, or other substance that could result in a positive test. Every trainer must guard or cause to be guarded each horse trained by him in such manner and for such period of time prior to racing the horse so as to prevent any person from administering any drug, stimulant, sedative, depressant, or other substance resulting in a positive test.

[3] 58 Pa. Code §183.356.  Section 183.356 provides:

No veterinarian shall permit a horse in his care to be started if he knows or if by the exercise of reasonable care he might have known or have cause to believe, that the horse has received any drug, stimulant, sedative, depressant, medicine, or other substance that could result in a positive test.

pliance with this requirement, the Commission has promulgated a series of regulations prohibiting the administration of medications, requiring testing for such medications, and imposing penalties for violations of the regulations. *See* 58 Pa. Code §§183.351-183.363. Because a horse's trainer is the person who is most directly concerned with the horse's care, the regulations require the trainer to guard the horses within his or her care to prevent the administering of any medications. 58 Pa. Code §183.357. A veterinarian is required to prevent a horse from racing if he knows or by the exercise of reasonable care should have known that the horse has received a drug that could result in a positive test. 58 Pa. Code §183.356.

These regulations, however, do not relieve an owner of responsibility for administering medication. To the contrary, the regulations provide that *any* person who administers a drug which results in a positive test shall be considered in violation of the regulations and subject to a fine, suspension or both. 58 Pa. Code §183.351(9). Specifically with respect to licensed race-horse owners, 58 Pa. Code §183.268 provides that an owner's license may be suspended, revoked or a money fine may be imposed for violation of any Rule of the Commission. The regulations further provide that a fine of not less than $100.00 and not more than $250.00 may be imposed "on the licensee or person or persons having control or care or custody of such horse which has the positive test. . . ." 58 Pa. Code §183.352(b).

The Commission found, and it is undisputed by Petitioner, that: 1) Petitioner is the licensed owner of the horse Annihilate; 2) Petitioner administered the drug Procaine to Annihilate; and 3) post-race testing of Annihilate was positive for the drug Procaine. Pursuant to the regulation at 58 Pa. Code §183.352(b) the Commission sustained the fine of

$250.00 imposed against Petitioner. The Commission, therefore, acted in accordance with the law. The fact that its discussion of Petitioner's liability as a trainer was in error does not invalidate its conclusion that Petitioner, as the licensed owner, was the person having control of the horse and is, therefore, responsible for the positive post-race test result. Furthermore, Petitioner candidly admits that he administered the drug containing Procaine which resulted in positive post-race test results. Thus, under the regulations defining the standard of liability for either a veterinarian or a licensed owner, the Commission's order is valid.

Petitioner's final argument, that the notice which he received did not provide adequate notice of the charges against him, is also without merit. The Notice of Suspension or Fine clearly stated that the fine was being imposed under Rule 21, §2(b) because Annihilate had a postive test for Procaine after the second race at Liberty Bell Park on March 26, 1983. Petitioner was given an opportunity to be heard via his appeal to the Commission. Neither due process nor the Administrative Agency Law, 2 Pa. C. S. §504 requires that a hearing be held prior to the issuance of the Notice of Suspension or Fine by the Judge at the race track. *See, e.g., Commonwealth v. Forbes Health System*, 492 Pa. 77, 422 A.2d 480 (1980).

Accordingly, the order of the Commission is affirmed.

## ORDER

AND Now, October 29, 1985, the order of the Pennsylvania State Harness Racing Commission, dated February 21, 1984, in the above-captioned case, is affirmed.