**John Samuel (Sammy) BELOTE, III, Petitioner,**

v.

**STATE HARNESS RACING COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Jan. 28, 1997.

---

Sanford S. Finder, Washington, DC, for petitioner.

Jorge M. Augusto, Harrisburg, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

John Samuel Belote (Petitioner) petitions for review from the decision of the Pennsylvania State Harness Racing Commission (Commission), which affirmed the Executive Secretary's (Secretary) denial of his application for a harness racing license (license). We affirm.

Petitioner applied for a license on April 11, 1995. This application admitted that Petitioner's Maryland license was suspended in 1993. Petitioner's voluntary statement to the Commission's enforcement officer acknowledged that his Maryland license was suspended on June 14, 1993, for the remainder of the 1993 season, due to an "integrity violation involving wagering on a horse other than my own." Commission decision at 2. The Secretary then conducted an investigation, and obtained the records from the Maryland Racing Commission.

Based on Petitioner's admissions on the application and accompanying affidavit, the Secretary denied Petitioner's application, citing § 213(d)(4) of the Race Horse Industry Reform Act (Act), Act of December 17, 1981, P.L. 435, 4 P.S. § 325.101. § 325.402., *as amended.*[1] Petitioner requested a hearing before a duly appointed hearing officer. Counsel represented Petitioner, and the

---

1. 4 P.S. § 325.213 states:

(c) [i]f the commissions [the State Horse Racing Commission and the State Harness Racing Commission] find that the experience, charac-ter and general fitness of the applicant are such that the participation of the person in horse race meets is consistent with the public interest, convenience and necessity, and with

hearing officer received testimony on behalf of the Commission.

At the hearing held on August 22, 1995, Petitioner admitted placing a bet for a friend on May 14, 1993, using his own money for the wager, but gave excuses for doing so.[2] After review of the testimony and exhibits, the Commission, based on the independent investigation conducted by its Secretary, issued its December 12, 1995, order affirming the denial of Petitioner's license application based on Petitioner's admissions and his lack of a credible explanation for his conduct.[3]

On appeal,[4] Petitioner argues: (1) that the Maryland Commission's findings of fact should be given Full Faith and Credit pursuant to Article IV, § 1 of the United States Constitution,[5] and (2) that the decision of the Commission is not supported by substantial evidence.[6]

### FULL FAITH AND CREDIT

■ Petitioner argues that the Commission does not have the power to alter the

finding of fact made by the Maryland Commission, that Petitioner did not wager on the horse for his own interest, and that the Commission should give Full Faith and Credit to the Maryland findings.[7] The Commission argues that Petitioner failed to raise the Full Faith and Credit argument at the administrative hearing level and, therefore, should be precluded from raising this issue on appeal.

■ A party may not raise on appeal any question not raised before the agency, unless allowed by the court upon due cause shown. Pa. R.A.P. 1551. Pa. R.A.P. 1551(a) provides that "[n]o question shall be heard or considered by the Court which was not raised before the Government Unit."[8] In this case, counsel represented Petitioner at the hearing, and had the opportunity to present this argument at the administrative level. Petitioner could have raised the issue at any time, either in a memorandum of law to the hearing officer or the Commission, at the

the best interests of racing generally in conformity with the purposes of this act, it may grant a license.
(d) [t]he commissions may refuse to issue a license under this Section, if they shall find that the applicant:
(4) [h]as been found guilty of any violation or attempt to violate any law, rule or regulation of racing in any jurisdiction, for which suspension from racing might be imposed in the jurisdiction.

2. Petitioner contends that because he overslept he did not have time to get anyone else to place the wager for his friend. Petitioner further contends that after the race he did not see much of a crowd, was in a hurry to get home, and cashed the tickets himself. Petitioner claimed it was a matter of a lack of thinking in both placing the wager, and in cashing the tickets. Petitioner did not present the testimony of his friend, Mr. "Rock" Rockemann, at the hearing; however, Mr. Rockemann did testify before the Maryland Commission.

3. Petitioner's Maryland license has since been reinstated, and he has been granted licenses in the states of New Jersey, New York and Delaware.

4. Our standard of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Boyce v. State Horse Racing Com-*

*mission,* 651 A.2d 656 (Pa.Cmwlth.1994); 2 Pa. C.S. § 704.

5. Article IV, § 1 of the United States Constitution states that "Full Faith and Credit shall be given in each state to the public Acts, Records and judicial proceedings of every other state...."

6. The Commission argues that Petitioner failed to provide the correct statement of jurisdiction to this Court as required in Pa. R.A.P. 2114, and that because this is not discretionary in nature, this Court is divested of jurisdiction to review this appeal. A review of the record reveals that in his petition for review, Petitioner correctly cited to 42 Pa.C.S. § 763. In the statement of jurisdiction included in his brief, however, Petitioner incorrectly cited to 42 Pa.C.S. § 762. In all other respects, Petitioner has complied with the procedural requirements set forth in the Rules. Therefore, this typographical error may be deemed harmless. *See generally, Viles v. Viles,* 416 Pa. Super. 95, 610 A.2d 988 (1992); *Hatter v. Landsberg,* 386 Pa. Super. 438, 440, 563 A.2d 146, 147 (1989) *petition for review denied,* 525 Pa. 626, 578 A.2d 414 (1990).

7. The full faith and credit clause serves the function of avoiding relitigation in other states of adjudicated issues. *See Sutton v. Leib,* 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448 (1952).

8. The exceptions enumerated in this rule are not applicable to the present matter.

time of argument,[9] or in his Petition for Review filed with this Court.[10] Petitioner failed to raise the issue until he filed his brief prior to argument.

In *Wing v. Commonwealth Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), the court held that the waiver doctrine is applicable to appeals from administrative agencies. Issues not raised before the agency, or raised in briefs for the first time, are considered waived. *See McMaster v. Department of Community Affairs,* 148 Pa.Cmwlth. 206, 610 A.2d 525 (1992) *petition for review denied,* 533 Pa. 639, 621 A.2d 583 (1993); *Kraushaar v. Workmen's Compensation Appeal Board (Doors, Inc.),* 142 Pa.Cmwlth.69, 596 A.2d 1233 (1991) *petition for review denied,* 534 Pa. 643, 626 A.2d 1160 (1992). *Wing* has been interpreted as holding that an administrative law tribunal must be given the opportunity to correct its errors as early as possible. *Niles v. Department of Transportation,* 674 A.2d 739 (Pa.Cmwlth.1995). Petitioner did not place the agency on notice that he believed the agency was constitutionally required to follow the Maryland findings. In actuality, Petitioner's counsel gave the agency the opposite impression when he stated at the hearing that the Maryland adjudication was not binding on the Commission. N.T. at 59. Therefore, we hold that Petitioner waived any argument regarding the Full Faith and Credit doctrine.[11]

Petitioner also argues that the Maryland proceedings preclude the Commission's actions in this case, based on the doctrines of collateral estoppel and res judicata. The four elements of collateral estoppel are: (1) the issue decided in the prior adjudication was identical to the one presented in a later adjudication; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party to the prior adjudication or in privity with the party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue and question in the prior action. *Appeal of Davis,* 165 Pa.Cmwlth. 20, 644 A.2d 220 (1994). For a prior judgment to have res judicata effect on subsequent litigation, there must be (1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of quality or capacity of the parties suing or sued. *Iwinski v. Pa. State Horse Racing Commission,* 85 Pa.Cmwlth. 176, 481 A.2d 370 (1984).

The Commission is considered a party to the action here, but the Commission was not a party to the Maryland proceedings, nor was it in privity with any party. The Commission did not previously have the opportunity to litigate the question of Pennsylvania's policy regarding whether to grant or deny this license application, and the Commission was not a participant in the Maryland pro-

**9.** Petitioner's counsel at the hearing stated for the record that:

> I think based upon the fact that there is reciprocity, there ought to be some consideration, although **it's not binding on this Commission,** that where the incident occurred that that jurisdiction has the power to need [sic] out a penalty, if that jurisdiction is satisfied, then, **I'm not saying that blindly Pennsylvania would have to follow;** but there has to be great weight given to the jurisdiction where the incident occurred where the trier of the fact made determinations, judged the demeanor of witnesses before him, rendered an opinion, and then after some period of time reissued a credential to the individual.

Notes of Testimony (N.T.) from August 22, 1995 hearing at 59 (emphasis added). Petitioner's counsel is not arguing here that pursuant to Full Faith and Credit, the Commission is bound by the Maryland determination. To the contrary,

Petitioner's counsel states more than once that Pennsylvania would not be required to follow the Maryland determination. In addition, Petitioner had the opportunity to present witnesses on his behalf before the hearing officer, but failed to present any testimony other than his own.

**10.** Petitioner's petition for review merely states that "the Pennsylvania Harness Racing Commission made a Finding of Fact without authority and without proper evidence contrary to the Finding made by the state of Maryland which is improper."

**11.** Even assuming arguendo that Petitioner did not waive this argument, there is significant doubt as to whether the doctrine of Full Faith and Credit would apply to this case, since the Commission was not a party to that action, and the applicability of Petitioner's conduct to the intent of the Pennsylvania regulations was not determined. *See* 58 Pa.Code § 183.403.

ceedings.[12] Thus, the Maryland adjudication does not have any preclusive effect on Pennsylvania's evaluation of Petitioner's license application.

## SUBSTANTIAL EVIDENCE

■ Petitioner next argues that the Commission's decision to affirm the denial of his license application is not supported by substantial evidence. The Commission counters asserting that Petitioner placed his character at issue by seeking a harness racing license, and that its decision is supported by substantial evidence.

■ Substantial evidence necessary to support an administrative finding of fact is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Reichard v. State Harness Racing Commission,* 92 Pa.Cmwlth. 445, 499 A.2d 727 (1985). The Commission operates pursuant to a legislative mandate to discourage conduct which undermines and erodes public confidence and integrity in the sport of harness racing. *Helad Farms v. Pa. State Harness Racing Commission,* 79 Pa.Cmwlth. 314, 470 A.2d 181 (1984). The conduct involved need not be criminal in nature, but only such as to reflect negatively on the sport. *Daly v. Pa. State Horse Racing Commission,* 38 Pa.Cmwlth. 77, 391 A.2d 1134 (1978). *See also Kulick v. Pa. State Harness Racing Commission,* 115 Pa.Cmwlth. 408, 540 A.2d 620 (1988).

"[A]n applicant for licensure bears the burden of proving that he or she meets the qualifications for obtaining a license to practice a profession or occupation." *Barran v. State Board of Medicine,* 670 A.2d 765, 767 (Pa.Cmwlth.1996) (citing *Allen v. Department of State, Bureau of Professional and Occupational Affairs, State Board of Accountancy,* 141 Pa.Cmwlth. 418, 595 A.2d 771 (1991)). It is well settled that the fact-finder has the prerogative to accept or reject testimony, and to determine the credibility of witnesses. *Barran.*

Pursuant to 58 Pa.Code § 183.403. the Commission may, for good cause shown, modify a penalty imposed by another state racing commission to define its applicability within this jurisdiction. In addition, the Commission has the power to make original inquiry and take original jurisdiction in any case when it has received notice that a licensee has been penalized in another jurisdiction.[13]

Petitioner alleges that the Commission altered a finding of fact of the Maryland Commission because the Secretary did not concur in the Maryland finding that Petitioner placed the bet for his friend.[14] However, Petitioner admitted the violations and the Commission found that Petitioner's explanation for his behavior lacked credibility.[15] Further, the Commission found that the conduct which occurred in Maryland implicated that he held his horse or otherwise did not put forth his best effort in the race.[16] The

---

**12.** Further, the Commission did not alter the Maryland Racing Commission's findings of fact. The Commission conducted a hearing at which time Petitioner's explanations for his conduct were found not credible. Based upon Petitioner's own testimony, the Commission affirmed the license application denial.

**13.** The Court also notes that if Petitioner had held a valid Pennsylvania license at the time of the Maryland incident, the Commission would have had the authority to revoke Petitioner's license pursuant to Section 325.213(f)(1)(iv) or (f)(2) of the Act, regarding the character and general fitness "of any applicant or licensee."

**14.** Commission Finding of Fact 30 states:
Richard E. Sharbaugh, Executive Secretary of the Pennsylvania State Harness Racing Commission did not concur in his evaluation of the evidence from Maryland that Maryland's find-

ing of fact that the Appellant did not wager on the second race for his own interest but had wagered for a friend was not correct and he believed that the Appellant had wagered on the race for his own interest. (N.T. 26).

**15.** The Court notes that at the time the Maryland investigator informed Petitioner that he was identified cashing the tickets, Petitioner's response was that he was just "trying to survive." Petitioner subsequently informed the Maryland investigator that he placed the wager for a friend, but declined to identify the friend. Commission Finding of Fact 16.

**16.** The Commission stated that this action of Petitioner would jeopardize the public's confidence in harness racing in Pennsylvania. "It is this Commission's duty to review such infractions with the utmost care and deliberation." Commission decision at 14.

Commission's regulations were established precisely to prevent this type of conduct, which could affect the outcome of a race or reflect negatively on the sport.[17] The Commission found that the character and fitness of Petitioner were consistent with neither the public interest nor the best interests of racing in Pennsylvania.

Therefore, the Commission is in no way constrained by the decision of another jurisdiction when applying Pennsylvania policy considerations to a license application. Thus, the decision of the Commission is supported by substantial evidence, and Petitioner's argument to the contrary lacks merit.

Accordingly, we affirm.

### ORDER

AND NOW, this 28th day of January, 1997, the order of the State Harness Racing Commission in the above-captioned matter is hereby affirmed.

---

**17.** 58 Pa.Code § 183.335(a) provides that "no owner, trainer, driver, agent, employee or groom shall place a wager on any other horse in any race in which he shall start a horse owned, trained, or driven by him...."