BENSALEM RACING ASSOCIATION, INC. and Keystone Turf Club, Inc., d/b/a "Philadelphia Park", Petitioners,

v.

PENNSYLVANIA STATE HORSE RACING COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1997.
Decided Dec. 19, 1997.

William H.R. Casey, Doylestown, for petitioners.

Jorge M. Augusto, Harrisburg, for respondent.

Alan Pincus, Harrisburg, for intervenor, Burton Sipp.

Before COLINS, President Judge, and SMITH, J., and LORD, Senior Judge.

COLINS, President Judge.

Petitioner, Philadelphia Park,[1] has filed a petition for review in the form of an appeal of the order of the Pennsylvania State Horse Racing Commission (Commission). Petitioner seeks reversal of the order of the Commission issued January 15, 1997, directing petitioner to within ten days of the date of the order, give Burton Sipp notice of ejection in accordance with Section 215 of the Race Horse Industry Reform Act (Act),[2] 4 P.S. § 325.215(c), or admit Burton Sipp to the racetrack facility. We affirm the order of the Commission.

On February 12, 1993, Burton Sipp was ejected from Philadelphia Park. Sipp appealed the ejection to the Commission. After a hearing, the Commission entered an order directing Philadelphia Park to allow Sipp to engage in his occupation of owner and trainer at Philadelphia Park. Philadelphia Park appealed that ruling to this Court. On July 12, 1994, this Court reversed the order of the Commission finding that the Philadelphia Park reasonably exercised its discretion in ejecting Sipp from their grounds.[3]

In August 1996, Philadelphia Park denied admittance to Sipp as an owner and trainer based on Sipp's 1993 ejection. Sipp's request for a hearing before the Commission was granted and heard in October 1996. The Commission deemed Philadelphia Park's August 1996 refusal of admittance a new ejection and directed Philadelphia Park to give Sipp a notice of ejection conforming to the requirements of Section 215(c) of the Act, 4 P.S. 325.215(c), or admit Sipp to the racetrack facility. Philadelphia Park has appealed that order to this Court.

On appeal to this Court, Philadelphia Park argues that the Commission failed in its obligation under the rules of racing set forth at 58 Pa.Code § 163.16 to exclude Sipp from engaging in the occupation of horse owner or trainer at Pennsylvania racetracks. The Commission responds that Philadelphia Park's failure to raise this issue at the October 1996 hearing results in a waiver of the issue. We agree.

---

1. Petitioners Bensalem Racing Association, Inc. and Keystone Turf Club, Inc. are licensed operators of the thoroughbred racetrack doing business as Philadelphia Park. Collectively they shall be referred to as Philadelphia Park.

2. Act of December 17, 1981, P.L. 435, *as amended*, 4 P.S. §§ 325.101—325.402.

3. *Bensalem Racing Association v. State Horse Racing Commission*, 165 Pa.Cmwlth. 647, 645 A.2d 933 (1994).

Pa. R.A.P. 1551(a) states in pertinent part:

> [n]o question shall be heard or considered by the Court which was not raised before the Government unit except:
>
> (1) Questions involving the validity of a statute.
>
> (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) Questions which the Court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit.

*See also Belote v. State Harness Racing Commission,* 688 A.2d 264 (Pa.Cmwlth.1997). Philadelphia Park failed to raise before the Commission that the Commission's order was improper as a result of the failure of the Commission to observe its regulatory obligation to exclude Sipp from engaging in the occupation of horse owner and trainer. Thus, Philadelphia Park has waived the argument for appellate review.

In its remaining issue, Philadelphia Park questions whether it is required to relitigate the ejection of Sipp in 1996 since it was merely enforcing the ejection of 1993 that had been upheld by the Commonwealth Court in 1994. (Brief of Appellant at p. 5.) Philadelphia Park asserts that Sipp was ejected in 1994 and essentially argues that Sipp then is forever barred from that racetrack. The Commission does not contest that point, but asserts that Philadelphia Park has an obligation to acknowledge and respect Sipp's due process rights and give Sipp notice of the ejectment in conformity with the Act.

Section 215(c) of the Act provides:

> A licensed corporation may refuse admission to and eject from the enclosure of a race track operated by the corporation, any person licensed by the commissions under section 213, employed at his occupation at the race track, whose presence there is deemed detrimental to the best interests of horse racing, citing the reasons for that determination. The action of the corporation in refusing the person admission to or ejecting him from a race meeting ground or enclosure shall have immediate effect. ***The person refused admission or ejected shall receive a hearing before the appropriate commission, if requested, pursuant to rules and regulations adopted for that purpose by the appropriate commission and a decision rendered following that hearing.***

4 P.S. § 325.215(c) (emphasis added). The Act required the Commission to grant Sipp a hearing on the merits of his 1996 ejection from Philadelphia Park.

Sipp has presented Philadelphia Park with a proper request for admittance. Thus, while it may be tiresome and time consuming, Philadelphia Park must review each of Sipp's requests and comply with the dictates of the Act. At issue here is not the 1993 ejection, but rather a new ejection occurring in 1996. The basis of the ejection may be valid and a reasonable exercise of Philadelphia Park's discretion, and then again it may not. This Court is loath to reach that issue because it was not presented to the Commission, and in fact, was not presented to Sipp. The administrative rules pertaining to ejectment actions provides

> (a) The Commission or an association licensed by the Commission shall have the right and obligation to deny access to or to eject from facilities of a track a patron or licensee whose presence or conduct is deemed detrimental to the best interests of racing or to the orderly conduct of a facing meet.
>
> (b) At the time of or immediately following ejectment of or denial of access to a licensee, the association or Commission agents acting therein shall advise the licensee in writing of his right to demand a hearing by mailed service of the form of notice as shall from time to time be prepared and supplied by the Commission. The form of notice shall be in a form prepared by the Commission and shall be mailed to the most current licensed address of the ejectee by certified return receipt mail.
>
> (c) The notice shall advise the ejectee that he shall have a right to demand a hearing upon the ejection if written demand for the same is served upon the association in question and is received by the executive

offices of the Commission no later than 48 hours following receipt by the ejectee of the notice confirming ejection. If an ejectee shall timely file a demand for a hearing, the hearing shall be scheduled within 48 hours of the time of receipt of the demand or as soon thereafter as possible. The hearing shall be at the executive offices of the Commission. Notice of the date and time of the hearing shall be forwarded to the most current licensed address of the ejectee and to the executive office of the association. ...

58 Pa.Code § 165.231 (Code). Section 165.231 of the Code requires the party causing the ejectment of a licensee to provide the ejectee with appropriate notice of the ejection. Philadelphia Park failed to comply with this regulation and did so in derogation of the Commission's order. The Commission's order is proper and is affirmed by this Court.

The Commission suggests that if its order is affirmed, this Court should order Philadelphia Park to admit Sipp to its racetrack. We decline to do so. We do not believe that Philadelphia Park, like Mr. Sipp, should be denied its day in Court. Philadelphia Park appropriately challenged the Commission's authority, and while it may have lost the challenge, the remedy is not the admission of Sipp to the racetrack. Instead, Philadelphia Park must comply with the Commission's order, i.e., Philadelphia Park shall provide Sipp with notice in conformity with 58 Pa. Code § 165.231, or, admit Sipp to the racetrack.

Accordingly, for the aforementioned reasons, the order of the Pennsylvania State Horse Racing Commission is affirmed. It is further ordered that Philadelphia Park shall, within thirty days of the date of this order, either provide Sipp with notice in conformity with 58 Pa.Code § 165.231, or, admit Sipp to the racetrack.

## ORDER

AND NOW, this 19th day of December, 1997, the order of the Pennsylvania State Horse Racing Commission is affirmed. It is further ordered that Philadelphia Park shall, within thirty days of the date of this order, either provide Sipp with notice in conformity with 58 Pa.Code § 165.231, or, admit Sipp to the racetrack.