IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Center Township, Butler County, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1459 C.D. 2023 |
| | : | |
| Pennsylvania Public Utility | : | |
| Commission, | : | |
| Respondent | : | |
| | | |
| Summit Township, Butler County, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1460 C.D. 2023 |
| | : | |
| Pennsylvania Public Utility | : | |
| Commission, | : | |
| Respondent | : | Submitted: August 9, 2024 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  September 26, 2024

In these consolidated appeals, Center Township and Summit Township (together, Townships) petition for review of the November 16, 2023 Order of the Pennsylvania Public Utility Commission (PUC), which approved the sale of Butler Area Sewer Authority's (BASA) municipal wastewater collection and treatment system to Pennsylvania American Water Company (PAWC), a private entity. PAWC has filed an Application to Dismiss the Petitions for Review and for

Expedited Consideration (Application to Dismiss).[1] BASA, the City of Butler, and the Township of Butler (collectively, Butler) have also filed a Motion to Quash the Appeals for Lack of Issue Preservation (Motion to Quash).[2] In their motions, PAWC and Butler contend that the Townships have waived their rights to challenge the settlement for the sale of BASA because they failed to timely assert their objections before the administrative law judge (ALJ) and because they voluntarily abandoned their protests filed with the PUC. For the reasons that follow, we grant PAWC's Application to Dismiss, dismiss as moot Butler's Motion to Quash, and dismiss the Townships' Petitions for Review.

## Background

On February 14, 2023, PAWC filed with the PUC an application to acquire the assets, property, and rights to BASA's wastewater collection and treatment system (Application) under the Public Utility Code (Code), 66 Pa. C.S. §§ 101-3316. PAWC subsequently amended its Application several times during the completion review process.

Both Townships, which are located within BASA's service area, filed Protests with the PUC opposing PAWC's Application on June 30, 2023, asserting that the rate increase resulting from the proposed sale would be unconscionable and that a certificate of public convenience is neither necessary nor proper for the service, accommodation, convenience, or safety of the public. Specifically, in its Protest, Center Township averred:

[1] By Order dated February 1, 2024, this Court granted PAWC's request for expedited consideration.

[2] Both PAWC and Butler have been granted intervenor status in this appeal.

2

6. . . . [I]t is unconscionable to monetize the sale of BASA's assets for the sole use of the City of Butler and Butler Township, to use solely as they see fit, by causing a nearly 100% rate increase to all current customers of BASA, including Center Township.

. . . .

23. The proposed Agreement of Sale of BASA removes the local control and oversight of a [m]unicipal [a]uthority . . . to a for[-]profit corporation located in New Jersey, which is also neither in the public interest nor for the benefit of any of the users of the BASA system.

. . . .

a. The acquisition of BASA's assets and contracts by PAWC would not provide an affirmative benefit to the public, but rather it would be detrimental to the public including the residents, industries and businesses located within Center Township . . . .

b. A future fee increase to the users of the BASA system of nearly 100%[] is neither reasonable nor lawful, as set forth in the Protest of the Office of Consumer Advocate [(OCA)], which is adopted by Center Township[][3] . . . .

. . . .

d. It is not consistent with the public convenience and necessity for PAWC to acquire the assets of BASA, in violation of [the Code.]

e. It is unconscionable to use the sale of BASA's assets as a piggy bank for the sole use of the City of Butler and Butler Township.

---

[3] On April 11, 2023, the OCA also filed a Protest with the PUC challenging the proposed sale. As discussed *infra*, the OCA later joined the Settlement Agreement.

3

Reproduced Record (R.R.) at 3757, 3762, 3764-65. Summit Township asserted the same averments against the proposed sale in its Protest. *See id.* at 3782, 3787, 3789-90.

After extensive negotiations, PAWC entered into a proposed Settlement Agreement with Butler, the OCA, the Office of Small Business Advocate (OSBA), and the PUC's Bureau of Investigation and Enforcement (I&E). The key terms of the Settlement Agreement are set forth in the PUC's November 16, 2023 Opinion. *See* PUC Op., 11/16/23, at 18-26.

The ALJ held an evidentiary hearing via telephone on July 28, 2023. Before the start of the hearing, PAWC advised the ALJ that PAWC, Butler, I&E, the OCA, and the OSBA had reached an agreement in principle to settle all issues in the matter. The ALJ delayed the start of the hearing to give the Townships an opportunity to review the proposed Settlement Agreement. When the hearing convened that same day, the Townships' counsel informed the ALJ and the parties that the Townships would not oppose the settlement, and counsel expected to receive authority from their governing bodies to join the settlement. R.R. at 3832, 3989. Based on these representations, the parties mutually waived cross-examination of each other's witnesses, and PAWC and Butler also waived the opportunity to present oral rejoinder testimony. *Id.* at 4323, 4336, 4357, 4360. Butler also withdrew its motions to strike portions of the Townships' direct testimony and the Townships' rebuttal testimony. *Id.* at 4358.

On July 31, 2023, this Court issued a decision in *Cicero v. Pennsylvania Public Utility Commission*, 300 A.3d 1106 (Pa. Cmwlth. 2023), a factually similar case. In *Cicero*, this Court reversed the PUC's approval of Aqua Pennsylvania, Inc.'s (Aqua) application to acquire the wastewater system assets of East Whiteland

4

Township, reasoning that Aqua failed to carry its burden of proving that the acquisition's benefits outweighed the proposed harms as required by Sections 1102 and 1103 of the Code, 66 Pa. C.S. §§ 1102 and 1103.[4]

The day after *Cicero* was decided, on August 1, 2023, the ALJ issued a scheduling order in this matter establishing the following deadlines: (1) the joint petition for settlement and statements in support thereof must be filed by August 7, 2023; (2) main briefs on any disputed issues must be filed by August 7, 2023; and (3) any written oppositions to the settlement must be filed by August 14, 2023. The ALJ later extended the deadlines for filing the joint petition for settlement and written oppositions at the OCA's request, which the Townships supported. R.R. at 4184, 4186. As a result, the joint petition for settlement was due by August 14, 2023, and any oppositions were due by August 21, 2023.

On August 3, 2023, counsel for Summit Township sent the ALJ and the parties an email stating that, on August 2, 2023, its Board of Supervisors "*unanimously voted*" to adopt the following motion:

> *Summit Township will not oppose, nor will it contest*[,] *the settlement for the sale of* [*BASA*] as reached between [PAWC], [the OSBA], [the OCA], [I&E], BASA, the City of Butler[,] and Butler Township. The Summit Township Solicitor is authorized to take all necessary action to implement this Motion. Other than authorizing the Solicitor as set forth above, *Summit Township will take no further action in the Protest filed with the* [*PUC*] *at Docket No. A-2022-3037047.*

R.R. at 4186 (emphasis added). Summit Township's counsel further stated: "I anticipate that Center Township will vote to approve the same [m]otion at [its] regularly scheduled meeting of August 9[, 2023]." *Id.*

---

[4] ALJ Marta Guhl, who presided over the administrative proceedings in this case, also presided over the administrative proceedings in *Cicero*.

On August 10, 2023, counsel for Center Township sent the ALJ and the parties an email notifying them that, on August 9, 2023, its Board of Supervisors adopted a motion identical to the motion adopted by Summit Township. Specifically, Center Township's Board of Supervisors "*unanimously voted*" to "*not oppose . . .* [*or*] *contest the settlement for the sale of* [*BASA*]" and to "*take no further action in the Protest filed with the* [*PUC*] *at Docket No. A-2022-3037047.*" *Id.* at 4192 (emphasis added).[5]

In accordance with the ALJ's order, on August 14, 2023, PAWC, Butler, I&E, the OCA, and the OSBA filed a Joint Petition for Approval of Unanimous Settlement of All Issues (Joint Petition) with the ALJ. The Joint Petition averred in pertinent part:

> At the telephon[e] hearing on July 28, 2023, the [parties] informed the ALJ that they had reached a settlement. The hearing was delayed to give Center [Township], Summit [Township], and Cleveland-Cliffs [Steel][6] an opportunity to review the [S]ettlement [Agreement]. *When the hearing convened, counsel for Center* [*Township*] *and Summit* [*Township*] *indicated that* [*the*] *Townships would not oppose the settlement and, at the next meeting*[*s*] *of the* [*T*]*ownship*[*s'*] *supervisors, counsel expected to receive authority to join the settlement. By emails of August 3*[*, 2023*] *and August 10*[*, 2023*]*, counsel for Center and*

---

[5] In its Petition for Review, Center Township avers:

When the issue of settlement was voted upon by Center Township and Summit Township, both municipalities determined not to enter into the [S]ettlement [A]greement but, instead, voted to not oppose the [S]ettlement [A]greement because the OCA would no longer proceed with litigation, being a party to the [S]ettlement [A]greement.

Ctr. Twp. Pet for Rev. ¶ 15.

[6] Cleveland-Cliffs Steel was granted intervenor status at the administrative level but is not a party to this appeal.

*Summit notified the ALJ that Center and Summit would not oppose the Settlement.*

*Id.* at 3832 (emphasis added); *see also id.* at 3829 (the Joint Petition also stated that the Townships "do not oppose the Settlement"); PUC Op., 11/16/23, at 5 (the PUC found that "[n]o [p]arty opposed the Settlement").

Neither Center Township nor Summit Township filed written objections to the Settlement Agreement by the August 21, 2023 deadline. The record in the matter was closed on August 23, 2023. PUC Op., 11/16/23, at 5.

On September 14, 2023, the ALJ issued her Recommended Decision, denying PAWC's Application and setting aside the Settlement Agreement. The ALJ reasoned that PAWC failed to carry its burden of proving that the benefits of the proposed sale outweighed the potential harms. The ALJ concluded as follows:

> Based upon the record evidence, PAWC has failed to establish that the sewer system under PAWC's ownership will affirmatively promote the service, accommodation, convenience, or safety of the public. In addition, the evidence did not establish that any benefit to be realized from the proposed transaction would outweigh the harms to current PAWC water and wastewater customers or existing BASA wastewater customers. As such, *the Joint Petition . . . that the parties agreed to is not in the public interest and should not be approved.*

R.R. at 4051 (emphasis added). Therefore, the ALJ recommended that the PUC deny both the Joint Petition and PAWC's Application. *Id.* at 4056.

On September 21, 2023, PAWC, Butler, and I&E each filed Exceptions to the ALJ's Recommended Decision with the PUC. On September 26, 2023, the Townships filed Reply Exceptions, asking the PUC to adopt the ALJ's Recommended Decision. In their Reply Exceptions, the Townships asserted that: (1) PAWC and Butler attempted to negotiate away the public interest and failed to meet their burden of establishing that the transaction affirmatively benefits the

public; (2) the record contains substantial evidence to support the ALJ's Recommended Decision; and (3) in light of this Court's decision in *Cicero*, the Code requires a "compelling public interest" that PAWC and Butler failed to establish.[7]

The next day, PAWC and Butler filed a Joint Motion to Strike the Townships' Reply Exceptions (Joint Motion to Strike). PAWC and BASA asserted that the Townships waived their arguments in opposition to the Settlement Agreement by failing to timely raise them before the ALJ. PAWC and BASA also argued that the Townships were estopped from asserting a position in their Reply Exceptions that contradicted their position in the proceedings before the ALJ and on which PAWC and Butler detrimentally relied.

On November 16, 2023, the PUC issued a 76-page Opinion and Order granting PAWC's Application and approving the Settlement Agreement without modification.[8] In its Opinion, the PUC reviewed the evidence of record, the parties' filings, and the ALJ's Recommended Decision, ultimately concluding that "based upon the record evidence . . . , the acquisition has *substantial affirmative public benefits that outweigh the potential harms resulting from the acquisition*." PUC Op., 11/16/23, at 60 (emphasis added). The PUC also granted the Joint Motion to Strike, finding that the Townships had "waived their arguments included in their Reply Exceptions because they did not make or submit th[em] earlier in the proceeding before the ALJ." *Id.* at 54, 56. The PUC specifically noted that both Townships had

---

[7] The OCA also filed Reply Exceptions on September 26, 2023. The OCA, while noting that it had "joined the proposed settlement," stated that its Reply Exceptions were "limited" in scope because the OCA only "disagree[d] with certain assertions of law" in PAWC's and Butler's Exceptions. R.R. at 4131. The OCA did not ask the PUC to adopt the ALJ's decision, nor did it challenge the propriety of the Settlement Agreement.

[8] The Opinion and Order was issued by a three-member majority of the PUC. Two PUC members dissented.

8

"indicated that they do not oppose the Settlement" and had "advised the ALJ and [the p]arties that *they did not object to the Settlement and would take no further action in this matter*." *Id.* at 5 n.8, 51 (emphasis added). The PUC further explained:

> In addition to not raising their arguments earlier in the proceeding, *the [Townships] also supported a modified [b]riefing schedule, which resulted in the removal of the opportunity for the [p]arties to brief any remaining disputed issues. Furthermore, the [Townships] did not file written objections to the Settlement, and they advised the ALJ and the [p]arties that they did not object to the Settlement and would take no further action in this matter.* By relying on the [Townships'] representations . . . , other parties, including PAWC and [Butler], waived their opportunity to present rejoinder testimony and cross-examine certain witnesses at [the] hearing [before the ALJ]. Also, certain motions to strike the testimony of witnesses were also withdrawn by [Butler] based on the [Townships'] representations.

*Id.* at 56 (emphasis added).

On December 14, 2023, two weeks before the BASA sale was scheduled to close, the Townships filed the instant Petitions for Review with this Court seeking to overturn the PUC's decision. In their Petitions for Review, the Townships aver:

> 27. The PUC erroneously determined that the affirmative benefits to the transaction outweighed the negative effects of the transaction, in disregard of the facts entered into the record.

> 28. The PUC's November 16, 2023[] Order failed to properly weigh the benefits as outlined in this Court's decision in *Cicero* . . . .

> 29. The PUC erred as a matter of law and did not identify any benefits that differ substantially from the benefits already being provided by the existing [s]ystem operator, BASA.

> 30. The PUC also erred as a matter of law in failing to acknowledge that there are insufficient net benefits to support approving the transaction.

9

Ctr. Twp. Pet. for Rev. ¶¶ 27-30; *see also* Summit Twp. Pet for Rev. ¶¶ 27-30 (averring the same). The Townships also aver that the PUC erred in striking their Reply Exceptions "because the PUC improperly applied the waiver doctrine, even though all of the evidence cited to by [the Townships] was included in the record." Ctr. Twp. Pet. for Rev. ¶ 36.

On December 29, 2023, PAWC filed its Application to Dismiss.[9] On January 2, 2024, Butler filed its Motion to Quash. The Townships have also filed Answers in response to both motions.

## Analysis

Preliminarily, we must address PAWC's Application to Dismiss and Butler's Motion to Quash. In their motions, PAWC and Butler assert that the Townships have waived their present claims by failing to timely object to the settlement before the ALJ and by voluntarily abandoning their Protests against PAWC's Application. In response, the Townships assert that because they are not signatories to the Settlement Agreement, they had the right to file Reply Exceptions with the PUC as well as their present Petitions for Review to address this Court's "intervening decision" in *Cicero*. Ctr. Twp. Ans. to Appl. to Quash ¶¶ 13-14. The Townships also assert that because their Reply Exceptions simply mirrored the arguments raised in their earlier-filed Protests, "the arguments were clearly raised 'earlier in the proceeding'" and, therefore, were not waived. Twps. Br. at 45.

Generally, "[i]ssues not preserved by the filing of exceptions or raised before the [administrative] agency cannot be considered on appeal." *Blue Mtn. Mushroom Co. v. Pa. Lab. Rels. Bd.*, 735 A.2d 742, 752 (Pa. Cmwlth. 1999); *see* Pa.R.A.P. 1551(a) (stating that "[o]nly questions raised before the government unit shall be

---

[9] Pa.R.A.P. 1972(a)(5) permits a party to an appeal to file a motion "[t]o dismiss for failure to preserve the question below."

10

heard or considered" on appeal). With regard to proceedings before the PUC, this Court has explained:

> The [PUC], as an administrative body, is bound by the due process provisions of constitutional law and by the principles of common fairness. Among the requirements of due process are notice and an opportunity to be heard on the issues, to be apprised of the evidence submitted, to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal.

*Hess v. Pa. Pub. Util. Comm'n*, 107 A.3d 246, 266 (Pa. Cmwlth. 2014) (*en banc*). For this reason, the PUC "'has rejected attempts by parties to . . . make up new arguments in the exceptions state of a proceeding'" because "'[a]dmitting such new matter late in a proceeding can deprive an opposing party of an opportunity . . . to respond to the newly-raised issues.'" *Id.* at 265 (citation omitted). Indeed, this Court has upheld the PUC's rejection of a party's attempt to "inject a new . . . argument at the eleventh hour" during the exceptions stage of the proceeding. *Id.* at 266-67 (holding that where the protestants raised an argument for the first time in their reply exceptions, the PUC "properly afforded [the applicant] the due process protections the law requires and did not abuse its discretion" in striking that portion of the protestants' reply exceptions).

Here, although the Townships initially protested PAWC's Application, the record establishes that they voluntarily abandoned their Protests when both Townships' Boards of Supervisors voted to "take no further action in the Protest filed with the [PUC] at Docket No. A-2022-3037047," and the Townships notified both the ALJ and the parties that they would "take no further action" in the matter. Critically, the Townships do not dispute these statements. The Townships' intentions were also memorialized in the Settlement Agreement submitted to the ALJ, to which the Townships did not object.

11

In response to PAWC's and Butler's motions, the Townships assert that "the Reply Exceptions were filed . . . based on the intervening *Cicero* case" and that "the issue of the impact of the *Cicero* case only arose when ALJ Guhl denied the Settlement Agreement" in her Recommended Decision. Ctr. Twp. Ans. to Appl. to Quash ¶¶ 13-14; Twps. Br. at 46. The record belies this assertion.

*Cicero* was decided on July 31, 2023, after which all of the following occurred: both Townships voted to neither "oppose" nor "contest" the Settlement Agreement and to "take no further action" in their Protests against PAWC's Application; the Joint Petition was submitted to the ALJ for approval; written objections to the Settlement Agreement were due to the ALJ, but were not filed by either Township; the ALJ closed the record; and the ALJ issued her Recommended Decision. Because *Cicero* was decided prior to these actions, it was not a change in circumstance justifying the Townships' attempt to revive their earlier Protests that they expressly abandoned.

Moreover, it is well settled that "[a] party has a duty to preserve an issue at every stage of a proceeding" and "must comply with the general rule to raise an issue *at the earliest opportunity*." *Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014) (emphasis added); *see also Wing v. Unemployment Comp. Bd. of Rev.*, 436 A.2d 179, 181 (Pa. 1981) (holding that an "administrative law tribunal must be given the opportunity to correct its errors as early as possible"). Our Supreme Court has recognized that these principles of waiver apply equally in administrative proceedings. *See HIKO Energy, LLC v. Pa. Pub. Util. Comm'n*, 209 A.3d 246, 262 (Pa. 2019). In other words, an administrative agency must have the first opportunity to correct any alleged errors to ensure "an efficient use of judicial resources." *Station Square Gaming L.P. v. Pa. Gaming*

*Control Bd.*, 927 A.2d 232, 240 (Pa. 2007). Thus, a party in an administrative proceeding must "advance all legal theories" before the tribunal resolves the parties' claims, unless the reviewing court "is satisfied that the [party] could not by the exercise of due diligence have raised [the alleged error] before the" agency. *Id.*; *see Hess*, 107 A.3d at 266-67.

In this case, after *Cicero* was decided, the Townships had two opportunities to raise any arguments in opposition to the settlement based on *Cicero*: in response to the ALJ's request for briefs on any disputed issues and in response to the ALJ's request for any written objections to the Settlement Agreement. The Townships filed nothing. In fact, as the PUC observed, the Townships agreed with the OCA's request for a modified briefing schedule "given that the parties ha[d] reached a unanimous settlement," R.R. at 4184, 4186, "which resulted in the removal of the opportunity for the [p]arties to brief any remaining disputed issues," PUC Op., 11/16/23, at 56. After the deadline for filing objections had passed, the ALJ – appropriately – closed the record. The Townships did not raise any objections to the settlement based on *Cicero* until *after* the record was closed and the ALJ issued her Recommended Decision. Because they failed to raise such objections at the earliest opportunity, we conclude that the Townships have waived these claims. *See, e.g.*, *Levy v. Senate of Pa.*, 94 A.3d 436, 441 (Pa. Cmwlth. 2014) (holding that "an agency must raise all [of] its challenges before the fact[]finder closes the record"); *Williams v. Workmen's Comp. Appeal Bd. (Realty Servs. Co.)*, 646 A.2d 633, 636 (Pa. Cmwlth. 1994) (holding that where the claimant did not raise the timeliness of the employer's answer to his claim petition until after the referee closed the record, he failed to preserve the issue for appellate review); *Ellzey v. Gwynedd Twp. Bd. of Comm'rs* (Pa. Cmwlth., No. 990 C.D. 2019, filed Nov. 19, 2020), slip op. at 16 n.14

(concluding that the "[a]ppellants did not raise the issue of the sufficiency of the [a]pplication at their earliest opportunity to do so, which was at the public meeting before the Board [of Commissioners] and well after the [a]pplication was submitted," and, therefore, they "have waived that issue" on appeal).[10]

Moreover, the Townships' statements that they would no longer contest the settlement or pursue their Protests impacted the course of the litigation before the ALJ. As the PUC found, PAWC and Butler, in reliance on the Townships' representations, waived their rights to conduct cross-examination of certain witnesses, including the Townships' witnesses, to present rebuttal testimony, and to introduce further evidence before the ALJ in support of their respective positions. PUC Op., 11/16/23, at 56. As PAWC and Butler argued before the PUC, the record "could have been substantially different if the[y] had known that the [Townships] would change their position later in the proceeding and oppose the [s]ettlement." *Id.* at 51.

As discussed earlier, the Townships had the opportunity to argue to the ALJ that she should disapprove the Settlement Agreement, based on *Cicero* or any other precedent, before the close of the record, but they chose not to do so. Instead, on August 3 and August 10, 2023, the Townships notified the ALJ and the parties that their governing bodies had approved motions stating that, *going forward, the Townships would no longer oppose the settlement or continue to pursue their Protests against PAWC's Application*. R.R. at 4186, 4192. The Townships do not dispute this fact. *See* Ctr. Twp. Ans. to Appl. to Dismiss ¶ 20. In reliance on the Townships' clear representations, the parties did not file additional briefs in response

---

[10] An unreported decision of this Court, issued after January 15, 2008, may be cited for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

14

to the ALJ's August 1, 2023 Order, believing that the Joint Petition adequately addressed the outstanding issues to the satisfaction of all interested parties, including the Townships. *See* PAWC Br. at 23, 29, 31-32. Having received no written objections from the Townships (or any other party) by the August 21, 2023 deadline, the ALJ then closed the record and issued her decision.[11]

On September 26, 2023, seven weeks after abandoning their opposition to the settlement and their Protests, and one month after the record was closed, the Townships voiced objections to the settlement for the first time in their Reply Exceptions, and they do so again on appeal.[12] The Townships, however, offer no reason for their reversal of position other than the "intervening" *Cicero* case, an argument we have already rejected. *See Hess*, 107 A.3d at 266-67 (rejecting the protestants' attempt to assert a new argument for the first time in their reply exceptions).[13]

---

[11] As PAWC asserts in its appellate brief:

> If, despite their promises to the contrary, the Townships wished to assert objections to the Settlement, they had the opportunity to timely object to the Settlement when it was submitted to the ALJ. These objections could have been based on this Court's decision in *Cicero*, which was issued several weeks before the Settlement was submitted to the ALJ. *The Townships, however, never voiced any opposition to the Settlement – for any reason – when it was pending before the ALJ.*

PAWC Br. at 11 (emphasis added).

[12] In its appellate brief, Butler points out that in their Reply Exceptions, "the Townships did not respond to the exceptions filed by any of the parties and, instead, used their [R]eply [E]xceptions to 'adopt' the ALJ's conclusion, *asking the [PUC] to disapprove the Settlement Agreement to which the Townships—up until that moment—had never opposed nor objected.*" Butler Br. at 15 (emphasis added).

[13] In their appellate brief, the Townships also contend that the PUC erred in striking their Reply Exceptions, arguing that the PUC should not have entertained the Joint Motion to Strike and **(Footnote continued on next page…)**

15

The Townships attempt to avoid waiver by arguing that while they never opposed the *settlement*, they always opposed the *sale*. *See* Ctr. Twp. Ans. to Mot. to Quash ¶¶ 31, 34. However, the Settlement Agreement, which the Townships chose to not oppose or contest, *effectuated* the sale and set forth the terms of the sale in detail, subject to the PUC's ultimate approval. If the Townships, after reviewing the Settlement Agreement, had concerns with the terms of the proposed sale and how those terms would impact their residents, they had the opportunity to raise those concerns before the ALJ prior to the close of the record, but they did not.

Furthermore, not only did the Townships vote to not oppose or contest the settlement, they went a step further and *also* voted to "take no further action in the[ir] Protest[s]" filed with the PUC. Those Protests contested PAWC's Application to acquire BASA. Consequently, the Townships' unanimous votes to "take no further action" in their Protests can only be construed as taking no further action against PAWC's Application to purchase BASA – i.e., *the sale*.

We conclude that the Townships have waived their arguments on appeal by failing to raise their objections to the settlement for the sale of BASA before the ALJ and by voluntarily abandoning their Protests against PAWC's Application. *Accord Belote v. State Harness Racing Comm'n*, 688 A.2d 264, 267 (Pa. Cmwlth. 1987) ("[The p]etitioner did not place the agency on notice that he believed the agency was constitutionally required to follow the Maryland findings. In actuality, [*his*] *counsel gave the agency the opposite impression when he stated at the hearing that the Maryland adjudication was not binding on the Commission. Therefore, we hold that*

---

improperly applied the doctrine of waiver. *See* Twps. Br. at 42-47. We disagree, as our Court's *en banc* decision in *Hess* supports the PUC's striking of the Townships' Reply Exceptions based on waiver. *See Hess*, 107 A.3d at 266-67 (concluding that the PUC "did not abuse its discretion" in striking a portion of the protestants' reply exceptions based on waiver).

[*the p*]*etitioner waived any argument regarding the Full Faith and Credit doctrine*.") (emphasis added).[14]

## Conclusion

Accordingly, because we conclude that the Townships failed to properly preserve their issues for appellate review, we grant PAWC's Application to Dismiss, dismiss as moot Butler's Motion to Quash, and dismiss the Townships' Petitions for Review.[15]

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of the case.

_____

[14] In the alternative, PAWC and Butler assert that the Townships are estopped from pursuing a position on appeal contrary to the position they advocated before the ALJ and upon which PAWC and Butler detrimentally relied. *See Associated Hosp. Serv. of Phila. v. Pustilnik*, 439 A.2d 1149, 1151 (Pa. 1981) (holding that a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if that contention was successfully maintained before the prior tribunal); *see also Sunbeam Corp. v. Liberty Mut. Ins. Co.*, 781 A.2d 1189, 1192 (Pa. 2001) ("Judicial estoppel is an equitable, judicially-created doctrine designed to protect the integrity of the courts by preventing litigants from 'playing fast and loose' with the judicial system by adopting whatever position suits the moment."). However, we need not address this claim, because we conclude that the Townships have waived their arguments on appeal by failing to properly raise them before the ALJ and by abandoning their Protests filed with the PUC.

[15] In light of our ruling on PAWC's Application to Dismiss, we do not reach the merits of Townships' appeals. We note, however, that the key issue the Townships raise in their Petitions for Review is whether the PUC's approval of the sale, as set forth in the Settlement Agreement, comports with our reasoning in *Cicero*. The Pennsylvania Supreme Court recently granted allowance of appeal in *Cicero* on June 14, 2024, after the parties filed their briefs with this Court. The Supreme Court accepted eight questions for appellate review, one of which is "[w]hether, as a matter of public policy, th[e Supreme] Court should accept th[e] appeal to bring clarity and predictability to issues involving the sale and purchase of water and wastewater systems affecting utility customers throughout the Commonwealth." *Cicero v. Pa. Pub. Util. Comm'n* (Pa., Nos. 568-570 MAL 2023, filed June 14, 2024).

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Center Township, Butler County, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1459 C.D. 2023 |
| | : | |
| Pennsylvania Public Utility | : | |
| Commission, | : | |
| Respondent | : | |
| | | |
| Summit Township, Butler County, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1460 C.D. 2023 |
| | : | |
| Pennsylvania Public Utility | : | |
| Commission, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 26th day of September, 2024, we hereby GRANT the Application to Dismiss the Petitions for Review and for Expedited Consideration filed by Intervenor Pennsylvania American Water Company. The Petitions for Review filed by Center Township and Summit Township are hereby DISMISSED. The Motion to Quash the Appeals for Lack of Issue Preservation filed by Intervenors Butler Area Sewer Authority, the City of Butler, and the Township of Butler is hereby DISMISSED AS MOOT.

_____
ELLEN CEISLER, Judge